MALONE (UNITED STATES v.). See Case No. 15,713.

## Case No. 8,996.

### MALONE v. WESTERN TRANSP. CO.

[5 Biss. 315.][1]

Circuit Court, N. D. Illinois. June, 1873.

MASTER AND SERVANT—NEGLIGENCE — PLEADING NEGLIGENCE—DUTY OF SERVANT—OF SHIP OWNER—FELLOW SERVANTS.

1. In an action by an employe against a corporation for injuries received in falling through a hatchway, it is not a sufficient allegation that the master and mates were negligent in leaving the hatchway open and not placing proper lights or guards around it.

2. As a corporation can only act through agents, the only proper charge of negligence in such case is that the boat was improperly constructed and that the accident happened by reason of such defective construction while the plaintiff was exercising due care.

3. A person employed on a boat to assist in unloading must be presumed to possess the usual knowledge in regard to the construction of the vessel, and unless the hatch was located in an unusual place he is bound to know its location, and it is as much his duty to see that the hatch is closed or properly protected as it is the duty of the captain or mates.

4. A ship owner who provides a sea-worthy vessel, properly equipped, and commanded by competent officers, has discharged his duty towards the subordinates, and cannot be held liable for mere neglect of the officers.

5. Subordinates must be deemed to have entered upon the service with the understanding that they took their chances of negligence or carelessness on the part of others engaged in the common employment.

[Cited in Couillard v. The Victoria, 4 Fed. 160; The Egyptian Monarch, 36 Fed. 776, 777.]

This was an action on the case to recover damages for injuries received by plaintiff [Thomas Malone] in falling through a hatchway while in the employ of defendant. The declaration alleges that defendant was on the 14th of August, 1870, owner of the propeller Chicago, then lying in Chicago river, in this city; that plaintiff was employed as a laborer on board of said propeller to assist in the discharge of a cargo; that it became and was the duty of the master and mates of said vessel to use due care and diligence for the protection of plaintiff from accident or injury, while so employed; that said propeller was removed from her dock, near State-street bridge, in the night-time, to the dock of the Chicago Dock Company, on the South branch, when plaintiff, about four o'clock, a. m., on the 15th of August, while it was yet dark, was ordered to remove certain platforms for threshing machines, which stood

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

In the middle gangway on the starboard side of the boat, to the larboard side of the boat for the purpose of making room to get at some freight to be landed on said dock; that there was a hatchway known as the "middle hatch" in said gangway, which was carelessly and negligently by defendant and the master and mates of said boat left open without any guard or signal-lights around the same, and while engaged in removing said platforms as directed by the officers of said boat, and in the exercise of due care and diligence, plaintiff, by reason of said hatchway being left open and unprotected and without proper lights, fell through said hatchway into the hold of the same, and was greatly injured. Defendant filed a general demurrer.

H. Cummings, for plaintiff, cited the following authorities: Dixon v. Ranken, 1 Am. Ry. Cas. 569; Farwell v. Boston & W. Railroad, 4 Metc. (Mass.) 49; Gallagher v. Piper, cited in Lovegrove v. London, B. & S. C. Ry. Co., 16 C. B. (N. S.) 669; Snow v. Housatonic Railroad, 8 Allen, 441; Curley v. Harris, 11 Allen, 112; Chamberlain v. Milwaukee & M. Railroad, 11 Wis. 238, 252; Chicago & N. W. R. Co. v. Swett, 45 Ill. 197; Perry v. Marsh, 25 Ala. 659; Walker v. Bolling, 22 Ala. 294.

Miller & Frost, for defendant, cited the following authorities: Farwell v. Boston & W. Railroad, 4 Metc. (Mass.) 49; Albro v. Agawam Canal Co., 6 Cush. 75; Illinois Cent. R. Co. v. Cox, 21 Ill. 20; Honner v. Illinois Cent. R. Co., 15 Ill. 550; Chicago & A. R. Co. v. Keefe, 47 Ill. 108; Saund. Neg. 128, 144, and cases there cited; Morgan v. Vale of Neath Ry. Co., 5 Best & S. 570; Gallagher v. Piper, cited in Lovegrove v. London, B. & S. C. Ry. Co., 16 C. B. (N. S.) 669; 1 Redf. Rys. 521.

BLODGETT, District Judge. The only question is whether there is a sufficient cause of action set out in the declaration. Defendant, being a corporation, can only act through agents, and as there is no allegation that the boat was improperly constructed and so made dangerous to plaintiff, or that the accident in question happened by reason of such defective construction while plaintiff was exercising due care, I cannot see that the allegations of negligence by defendant directly are of any weight, and the case must be considered as standing solely on the allegations as to the negligence of the master and mates.

The master, mates and crew of the vessel were all employes of defendant, each with different duties, but all engaged in a common employment, which at this particular time was that of unloading this boat. But the plaintiff claims that he was acting in an inferior capacity and under the orders of the officers of the boat.

I am aware that there are adjudged cases making the distinction insisted upon by plaintiff. Little Miami R. Co. v. Stevens, 20 Ohio, 415; Gillenwater v. Madison & I. R. Co., 5 Ind. 340; Chamberlain v. Milwaukee & M. Railroad, 11 Wis. 238, 252. But the rule is undoubtedly well settled in this state and England, that an employer is not liable to a servant for injuries occasioned by the negligence of a fellow servant. Honner v. Illinois Cent. R. Co., 15 Ill. 550; Farwell v. Boston & W. Railroad, 4 Metc. (Mass.) 49; Illinois Cent. R. Co. v. Cox, 21 Ill. 20; Chicago & A. R. Co. v. Keefe, 47 Ill. 108. I am aware that there is a class of cases in this state holding that a railroad company is liable to an employé for not furnishing safe cars or roadway. Chicago & N. W. R. Co. v. Swett, 45 Ill. 197; Illinois Cent. R. Co. v. Jewell, 46 Ill. 99.

And the same rule, I think, was adopted in this court in the case of Daniel v. C. & R. I. R. R. Co.[2] by Judges Davis and Drummond. But this case contains no substantive allegation of negligence on the part of defendant itself in not providing a safe boat or one constructed in the usual manner, and, as I said before, no such allegations of negligence are made against defendant as bring the case within the rule in Chicago & N. W. R. Co. v. Swett, supra, and the class to which it belongs. The declaration in substance charges that the accident to plaintiff happened by reason of the negligence of the master and mates in leaving the hatch open and not placing proper lights or guards around it.

Plaintiff must be presumed to possess the usual knowledge in regard to the construction of steamboats, and as there is no allegation that this hatch was in an unusual place, he certainly ought to have known that there was a hatch there. His own senses would tell him it was dark, and admonish him to use care. He was passing from one side of the boat to the other, where he should have known, and, I think, must be presumed to have known, there was a hatchway. It was as much his duty to see that the hatch was closed, or properly protected if open, as it was the captain's or mate's. No one, I presume, will claim that it was the duty of the master or mate to close the hatch or hang up a light. They had the general supervision of the boat, and it was their duty to see that each one employed in the work of managing the boat performed the work allotted to him. This is the utmost of their duty, but if they neglected that duty, and the plaintiff was injured by reason of the negligence of a deck hand who should have closed the hatch, or a porter who should have hung up a light, it is but the negligence of a fellow servant, in and about a common business. There is no charge of incompetency on the part of the officers. And it seems to me the ship-owner cannot be held liable for mere neglect of officers to perform their duty. If he provides a seaworthy ship, properly equipped, and commanded by competent officers, he has discharged his duty toward the subordinates. They must be deem-

---

[2] [Case unreported.]

ed to have entered upon the service with the understanding that they take the chances of the neglect or carelessness of any or all others who are engaged in the common employment and occupation of loading, unloading or running the boat. Demurrer sustained.

NOTE. It is the doctrine of the Illinois supreme court that the employer is not responsible to the employé for injuries occasioned by the negligence of his fellow servant engaged in the same line of employment. Honner v. Illinois Cent. R. Co., 15 Ill. 550; Illinois Cent. R. Co. v. Cox, 21 Ill. 20; Moss v. Johnson, 22 Ill. 633; Chicago & A. R. Co. v. Murphy, 53 Ill. 336; Same v. Keefe, 47 Ill. 108.

But it is nevertheless the duty of the employer to provide safe structures and apparatus, competent employés and all appliances necessary to the safety of the employed. Chicago, B. & Q. R. Co. v. George, 19 Ill. 510; Chicago & N. W. R. Co. v. Swett, 45 Ill. 197; Illinois Cent. R. Co. v. Jewell, 46 Ill. 99; The Norway v. Jensen, 52 Ill. 373; Chicago & N. W. R. Co. v. Jackson, 55 Ill. 492; Perry v. Ricketts, Id. 234; and the recent case of Chicago & N. W. R. Co. v. Taylor [69 Ill. 461].

See, however, an employé of a railroad company may recover damages for personal injuries due to the neglect of agents of the company, whose duty it was to keep engines in proper repair, even though the directors and superintendent had no reason to susupect negligence or incompetency on the part of such agents. Ford v. Fitchburg R. Co., 110 Mass. 240. Nor is he barred from recovering for injuries sustained by a boiler explosion, by the fact that he was acting in intentional violation of the rules of the company, unless the accident was due to such violation; nor by a rule of the company providing that he must be responsible for the condition of his engine. Id.

