HALSTED (MILLER v.). See Case No. 9,572.

HALSTED (STOVER v.). See Case No. 13,509.

---

## Case No. 5,970.

### HALVERSON v. NISEN et al.

[3 Sawy. 562.] [1]

District Court, D. California. March 16, 1876.

INJURIES BY NEGLIGENCE OF A FELLOW SERVANT.

1. The owner of a vessel is not responsible for injuries to a seaman, caused by the negligence of the mate, where no personal negligence on the part of the owner appears.

[Cited in Couillard v. The Victoria. 4 Fed. 160; Peterson v. The Chandos, Id. 649; The Edith Godden, 23 Fed. 46; The Egyptian Monarch, 36 Fed. 776; McFarland v. The J. C. Tuthill. 37 Fed. 716; The A. Heaton, 43 Fed. 597; The Frank and Willie, 45 Fed. 495.]

[Cited in Benson v. Goodwin, 147 Mass. 239, 17 N. E. 518.]

[In admiralty. Suit by Stiner Halverson against E. P. Nisen and others.]

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

J. McHenry, J. P. Dameron, and A. H. Townshend, for libellant.

Milton Andros, for respondents.

HOFFMAN, District Judge. This action is brought to recover compensation for injuries sustained by the libellant, a seaman on the schooner Twilight, by reason of the giving way of a rope to which a triangle on which the libellant was working, was attached. The libellant fell to the deck and sustained grave injuries. The respondents are the owners of the schooner. The rope which gave way was the jib down-haul, and the accident was caused by the chafed condition of the seizing, by which the down-haul block should have been secured. The triangle was rigged by the mate, and it is to his negligence or unskillfulness that the accident is to be attributed. No evidence whatever has been offered to show actual negligence on the part of the respondents. It is not pretended that they failed to exercise due care in the selection of the mate, or that there was any carelessness or neglect in the original outfit and appointments of the vessel. It is contended that in the owner's contract with the seaman there is an implied warranty that the vessel shall be, and continue during the voyage, seaworthy in every respect, and that the owner is responsible for any damage that may happen to the seamen through any defect in the tackle, apparel, or furniture of the ship. I do not consider it necessary to examine at much length the soundness of this proposition, for the circumstances of this case do not admit of its application if its soundness were conceded. In a certain sense it is as much a part of the implied engagement of the owner with the mariner that the ship shall, at the commencement of the voyage, be furnished with all the customary requisites for navigation, or, as the term is, shall be seaworthy; as that the master shall supply the mariners with good and sufficient provisions. Dixon v. The Cyrus [Case No. 3,930]; Curt. Merch. Seam. 20.

If, by the owner's negligence, the rigging or apparel are defective, and the seaman sustains an injury in consequence, the owner would be liable. His liability in this respect does not differ from that of any other master to a servant in his employment. It is the master's duty in all cases to use ordinary care and diligence to provide sound and safe materials for his servants. But he does not warrant them to be so nor insure the servant against the consequences of their defects. The foundation of his liability is his personal negligence. If the master knows, or would have known if he had used ordinary care, that the buildings or materials which he provides for the use of his servants are unsafe, he is certainly answerable for injuries caused thereby to his servants. See Shear. & R. Neg. § 92, and cases cited.

So, also, it is the duty of the master, so far as he can by the use of ordinary care,

to avoid exposing his servants to extraordinary risks which they could not reasonably anticipate, though he is not bound to guarantee them against such risks. Id. § 93, and cases cited. In Couch v. Steel, 3 El. & Bl. 402, these general doctrines were applied to the case of a seaman suing for injuries caused by the unseaworthiness of the vessel. The court held the declaration insufficient because it failed to allege that the owner knew of the unseaworthiness, or to impute any personal blame to him. It may perhaps, be doubted whether the allegation that "the owner so negligently, improperly and insufficiently equipped and fitted said ship, that she was unseaworthy and unfit for the voyage," was not a sufficient averment of actual negligence or want of due care on his part.

In the case at bar there is, as before remarked, no evidence of any negligence whatever on the part of the owner. The vessel was not unseaworthy even at the moment of the accident. By natural wear and tear the fastenings of a block had become chafed and gave away. They should undoubtedly have been examined before using them under circumstances where their insufficiency might produce serious or fatal injuries. But the negligence was that of the mate who rigged the purchase—it was in no respect that of the owner. The case, therefore, turns upon the question whether the owner, as the common employer of both, is liable to one servant for the negligence of his fellow-servant.

In Wright v. New York Cent. R. Co., 25 N. Y. 564, Allen, J., delivering the opinion of the court observes: "Certain principles touching the liability of the master to the servant for injuries sustained by the latter in the course of his employment have, by decisions in this state and several of the sister states, as well as in England, become so well settled that they need only to be stated. They cannot be disturbed, neither can their authority be disregarded. 1. A master is not responsible to those in his employ for injuries resulting from the negligence, carelessness or misconduct of a fellow-servant engaged in the same general business. 2. The rule exempting the master is the same although the grades of the servants or employés are different; and the person injured is inferior in rank and subject to the directions and general control of him by whose act the injury is caused." For these propositions the learned judge cites a long list of authorities.

The learned authors of the work on Negligence already cited state the law as follows: "A master is not liable to his servant for the negligence of a fellow-servant. while engaged in the same common employment, unless he has been negligent in his selection of the servant in fault, or in retaining him after notice of his incompetency. The master does not warrant the competency of any of his servants to the others. Whether rightly or wrongly decided as a matter of principle, it is at least certain that this is the settled law of England, Ireland and America. A fellow-servant, within the meaning of this rule, is generally held to be one serving the same master and under his control, whether equal, superior or inferior to the injured person in his grade or standing. * * * The fact that the injured servant was under the control of the servant by whose negligence the injury was caused makes no difference." Shear. & R. Neg. § 86.

The learned authors sustain these positions by copious citations of authority. It may be added that in a case nearly identical with the case at bar the question was decided by the circuit court for this district in accordance with the rules above stated, though not without the same misgivings as to its soundness in principle, at which the authors of the treatise on Negligence hint in the passage first above cited. Under the law as settled by the authorities I am compelled to decide that the libellant has no cause of action against these respondents.