COUILLARD *v.* STEAMSHIP VICTORIA.

(*District Court, D. Massachusetts.* —— 1880.)

1. NEGLIGENCE—FELLOW SERVANTS.—The owners of a vessel are not responsible for injuries sustained by a stevedore, through the negligence of a fellow servant, while unloading the cargo.

*Halverson* v. *Nisen*, 3 Sawy. 562.
*Malone* v. *Western Transportation Co.* 5 Biss. 315.

*E. L. Barney* and *E. J. Hadley*, proctors for libellant.
*Brooks, Ball & Storey*, for claimants.

NELSON, D. J. The libellant, while employed as a stevedore, in shifting coal in the between-decks of the British steamship Victoria, then lying at the wharf in East Boston, was injured by falling into the lower hold, through a hatchway which was negligently left open by other persons employed on board in discharging cargo, and this libel is brought to recover damages for the libellant's injuries. It is unnecessary to decide whether the libel is properly brought against the vessel, for it is clear it cannot be maintained against the vessel, unless it could also be maintained against the owners, and I am of the opinion that the owners are not responsible for the accident. There is no evidence in the case that the steam-ship was improperly constructed or equipped, or that the officers and men on board were incompetent or unsuitable, or that the accident was caused by any other failure of duty on the part of the owners. The libellant, and the persons through whose negligence the hatchway was left open, were fellow servants, engaged in the same general employment of the owners. It is too well settled to admit of discussion that the master is not responsible to those in his employ for injuries resulting from the negligence, carelessness, or misconduct of a fellow servant. *Halverson* v. *Nisen*, 3 Sawy. 562; *Malone* v. *Western Transportation Co.* 5 Biss. 315.

Libel dismissed.