MATHEWS vs. CASE and another.

*November 7 — November 25, 1884.*

MASTER AND SERVANT. *Injury to servant by negligence of fellow-servant: Master and mate of vessel.*

The owners of a vessel are not liable for an injury to the mate resulting from the negligence of the master, the latter being a fellow-servant of the mate engaged in a common employment. *Thompson v. Hermann,* 47 Wis. 602, distinguished.

APPEAL from the Circuit Court for *Racine* County.

The defendants appealed from an order overruling a demurrer to the complaint. The facts alleged are stated in the opinion.

For the appellants there was a brief by *Charles H. Lee,* attorney, and *Markham & Noyes,* of counsel, and the cause was argued orally by *Mr. Noyes.*

*W. J. Turner,* for the respondent.

COLE, C. J. This is an action for a personal injury. The defendants were the owners of the schooner J. I. Case, a vessel duly enrolled and licensed for the coasting trade. The plaintiff was employed by the defendants as mate, and one Gray was employed as master. It is stated in the complaint that on August 3d the schooner started on a voyage from the port of Milwaukee to Escanaba, thence to Lake Erie. On the 6th of August, at Escanaba,— the defendants not being present,— the master, having the exclusive control and direction of loading a cargo of iron ore, negligently loaded and overloaded the same, and then proceeded on the voyage; that, in consequence of such negligent loading and overloading, the vessel sprung a leak; that on August 10th the vessel encountered a storm, and leaked badly by reason of the negligent loading; that it was the plaintiff's duty to obey the orders of the master; that at this time the schooner

had not the usual appliances for carrying and securing the yawl-boat on deck; that the same, being rotten and unseaworthy, was negligently placed on the deck by the master's orders, and negligently left without being fastened so as to prevent it from moving about in case water was washed aboard or the vessel rolled. This being the situation, and the hatch near the yawl-boat not being fastened down securely, the master took the wheel, and the plaintiff, as was his duty, proceeded to batten down the hatch carefully. While so engaged, the vessel, having a large amount of water in her hold, and being improperly loaded, and the yawl-boat being negligently on the deck, without proper appliances for fastening, the master negligently steered the vessel into a trough of the sea, the vessel rolled, and large quantities of water came on deck and washed the yawl-boat against the plaintiff, and broke his leg.

These are the material allegations stating the cause of action. It will be seen that whatever negligence there was, either in improperly loading the vessel, or in placing the yawl-boat on deck without securely fastening the same, or in negligently steering the vessel into the trough of the sea, was the negligence of the master alone. There is no averment that the vessel was not properly equipped when she left the port of Milwaukee. It is only alleged that when the schooner encountered the storm there were not the usual and proper mechanical appliances upon the vessel for carrying and securing the yawl-boat on deck. But *non constat* such appliances had not been furnished by the owners. If there were any omission of duty on the part of the owners in that regard, or in failing to equip the vessel properly at the outset of the voyage, or in the selection of a competent master, the fact should have been distinctly alleged. But the inference is irresistible, from the facts stated, that the injury was caused solely by the negligent acts of the master,— unless there were contributory negligence,— against which

the owners could not guard. The owners were not present, and it was impossible for them to attend to the loading of the vessel or to direct her management on the voyage. From the necessity of the case these duties had to be intrusted to the master and crew. On what ground, then, can it be claimed that the owners are responsible to the plaintiff for an injury resulting from the negligence of the master in loading and managing the vessel? Were not the mate and master fellow-servants, engaged in the same employment or common service? It seems to us they must be so regarded, and that the case comes within the familiar rule of law, which has been so frequently announced by this and other courts, that the employer is not responsible for an injury occasioned to one employee through the negligence of another employee engaged in the same service or undertaking. There is no fact stated which will take the case out of that rule of law.

The decision in *Thompson v. Hermann*, 47 Wis. 602, is relied on to sustain the action; but the facts of that case are quite dissimilar to those stated in this complaint, as was shown by defendant's counsel on the argument. That was an action by an ordinary seaman against the owners — one of whom was the master — for an injury caused by the negligence or unskilfulness of the master. There was a joint demurrer to the complaint, on behalf of all the defendants, which was sustained in the court below. This court overruled the order, holding the complaint sufficient. There the master ordered the plaintiff to adjust the rigging in a dangerous manner, though the plaintiff protested and suggested a safe way of adjusting it. But the master refused to adopt the safe course, and imperatively ordered the work to be done in a dangerous manner. The plaintiff, while in the careful discharge of his duty, obeying the master's order, fell and was injured. It was held that the plaintiff might recover on the facts stated.. The decision is placed mainly

on the peculiar character of the employment, and the relations existing between the master and a common seaman of a merchant vessel outside of port. But, as we understand, the relations of mate and master are somewhat different from that the master holds to a common seaman. The mate, in some cases, exercises the functions of the master. He has more or less control in the loading and management of the vessel. It is his duty to exercise more or less superintendence over everything. It was his duty here to batten down the hatch, and in doing so to use care and discretion. He could see that the yawl-boat was not securely fastened and was liable to be thrown against him. He might have used means to prevent such an accident; but this he did not do. In any view which we have been able to take of the complaint we think it fails to state a cause of action.

*By the Court.*— The order of the circuit court overruling the demurrer is reversed, and the cause is remanded for further proceedings.