JAMES BENSON *vs.* EBEN P. GOODWIN & others.

Suffolk.    March 12, 13, 1888. — June 20, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Personal Injuries — Negligence — Master and Servant — Mate and Common Seaman are Fellow Servants.*

A mate of a vessel and a common seaman shipping therein are fellow servants; and if the seaman, in acting under the mate's orders, while both are carrying out a direction of the captain to the mate, is injured by the latter's negligence, he cannot maintain an action against the owners for such injury.

TORT for personal injuries sustained by the plaintiff while in the employment of the defendants, who were part owners of the ship Benjamin F. Packard.

At the trial in the Superior Court, before *Mason*, J., the only issue tried was whether the plaintiff could recover if his injuries were caused by the negligence of the mate of the ship. Evidence was introduced tending to prove that the plaintiff shipped as a sailor or runner to assist in taking the vessel from Bath, Maine, where she had just come off the stocks, to New York, but there was no evidence to show whether or not the plaintiff signed any shipping articles; that the captain had ordered the mate to get the vessel under way; that, as the vessel was being towed down the river, the plaintiff with others was engaged, under the orders of the mate, in getting up the port anchor; that as the anchor, which had movable flukes, was being raised by the capstan by means of a line attached to one of the flukes, it was caught in a moulding projecting from the side of the vessel; that the mate ordered the plaintiff to go over the side to pass a line to free the anchor; and that, as the plaintiff was standing on the shank of the anchor, having passed the line as ordered, and having called for another line to assist him in getting on the deck, the mate ordered the man at the capstan to slack away on the line attached to the fluke, thus allowing it to fall upon the plaintiff's foot and causing the injury.

The defendants asked the judge to rule that a common sailor and a mate are fellow servants, and that therefore the plaintiff could not recover; but the judge refused so to rule, but ruled that a common sailor and a mate were not fellow servants, and that the defendants would be liable for the injuries if the plaintiff was injured by reason of the mate's negligence. The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*C. B. Southard & R. Bradford,* for the defendants.

*L. W. Howes,* (*C. G. Abbott* with him,) for the plaintiff.

W. ALLEN, J. The plaintiff and the mate were employed by the same master in a common service. They were engaged in getting up the anchor, under the order of the captain to the mate to get the vessel under way, the mate having the direction of the work, and the plaintiff acting under his orders. Unless

the case is an exception to the well established rule in this Commonwealth, the plaintiff and the mate were fellow servants. See *Rogers* v. *Ludlow Manuf. Co.* 144 Mass. 198, and cases cited.

The plaintiff contends that the case of mate and common seaman on a merchant vessel is an exception. We can see nothing in the evidence reported which excepts this case from the rule applied to a superintendent of work and one working under his orders. *Peterson* v. *The Chandos*, 4 Fed. Rep. 645, 649, *Daub* v. *Northern Pacific Railway*, 18 Fed. Rep. 625, and *Sullivan* v. *The Neptuno*, 30 Fed. Rep. 925, are cited to sustain the ruling of the court, that a common sailor and a mate are not fellow servants. The first case contains on this point dicta only of Deady, J.; the second case contains a report of an oral charge to a jury by the same judge, which expressly assumes the reponsibility of instructions against the admitted probable weight of authority; the third case was against the owners of a vessel, one of whom was the master, for negligence of the master.

Whether a person who was taking a run from Bath to New York as a " sailor or runner," without signing shipping articles, would be a common sailor within the meaning of such a rule, we cannot decide, because we do not find any such rule. See *Halverson* v. *Nisen*, 3 Sawyer, 562; *Olson* v. *Clyde*, 32 Hun, 425; *The City of Alexandria*, 17 Fed. Rep. 390; *Malone* v. *Western Transportation Co.* 5 Bissell, 315; *Mathews* v. *Case*, 61 Wis. 491; *Loughlin* v. *State*, 105 N. Y. 159; *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209.

If we are asked to establish a special rule, applicable only to mates of vessels and common sailors, on the ground of the peculiar relations between them, the existence and particulars of those relations must be shown. The evidence in the case at bar discloses only facts which, under the decisions of this court, show that the mate and the plaintiff were fellow servants of the defendant.                    *Exceptions sustained.*