*W. G. Russell & F. W. Kittredge,* for the demandant.

---

GEORGE MELLEN *vs.* THOMAS WILSON SONS AND COMPANY (LIMITED).

Suffolk. March 14, 1893. — May 17, 1893.

Present. FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Equipment of Steamer — Fellow Servants.*

The plaintiff, who was employed on a steamer as a coal trimmer, having finished his work at midnight, went forward to his berth. The vessel lurched, he stum-bled and fell headlong upon the forward part of the hatch, got up, groped, made a step and fell into the hatchway, and was injured. The deck was lighted by electric lights, which had gone out through causes which the engineer could have obviated. There were lanterns available, and the fact that one of them was not used was due to the omission of a fellow servant. *Held,* in an action

for damages, that, while the plaintiff was not negligent before his first fall, he could not recover, as the negligence, if any, was of fellow servants, and he had failed to show that his injury was caused by inadequate equipment of the vessel, or by any breach of duty on the part of the defendant company.

HOLMES, J. This is an action to recover for injuries caused by falling down a hatchway, alleged to have been insufficiently lighted, on the British steamship Martello, while upon the high seas. The plaintiff was employed on board as a coal trimmer, and at midnight, when the accident happened, had finished his work and was going forward to his berth. The ship lurched, he stumbled and fell headlong upon the forward part of the hatch, got up, groped, made a step and fell into the hatchway. The judge directed a verdict for the defendant.

We cannot say that the plaintiff was negligent before his first fall, and it would be going very far to say that his conduct in the first confusion of his rising was negligent as matter of law.

The more difficult question is whether there was any evidence of the defendant's negligence. It seems that the plaintiff made complaints at not being furnished with a lantern when he asked for it; but we lay that on one side, as it is plain that his request had reference to his work while he was engaged upon it, whereas at the time of the accident his work was over. The deck was lighted by electric lights, and on the night of the accident there was trouble with them and they went out. The testimony for the plaintiff was a little ambiguous, but perhaps may have meant that the electric lights, even when going, were in such a position that they would not light the hatch sufficiently. The going out of the lights was not due to any defect in the apparatus as furnished, but was due to temporary matters, the slipping of a belt, etc., which the engineer could have repaired. After the accident, the hatchway was lighted by a lamp, so that there were lights available for that purpose. The plaintiff knew of the hatchway, of course, and does not say that he supposed, or had reason to suppose, that it was closed. There was no trap in the case, and he was going his own way at his own will. Under such circumstances, it is doubtful if the district judges would find any evidence of negligence as against the crew in leaving the hatch open and unlighted. *Dwyer* v. *National Steamship Co.* 4 Fed. Rep. 493, 495. If this were certain, it would be

questionable whether a common law court ought to allow a jury to find the other way.  But we assume in favor of the plaintiff that the jury would have been warranted in finding it necessary to light the hatch.  Still the question remains whether any negligence is shown on the part of the defendant.  Taking the plaintiff's evidence in the most favorable way possible, it does not mean that the going out of the electric light made no difference in his situation.  On the contrary, his testimony, by dealing with that matter at length, implies that it did make a difference. The expression that at the hatchway " we could merely see a glimmer," and the plaintiff's statement that on other nights he had some little light, show the same thing.  It cannot be said, then, that if the electric light had been going the accident would have happened.  But if the going out of the electric light was the cause of the accident, that, so far as appears, was due to the negligence of the engineer, a fellow servant of the plaintiff.  It is not even brought home to the captain, so that we have not to deal with the question whether in this case he was to be deemed a fellow servant with the plaintiff, the English law not having been put in evidence.  See *Benson* v. *Goodwin,* 147 Mass. 237 ; *The A. Heaton,* 43 Fed. Rep. 592 ; *Hedley* v. *Pinkney & Sons Steamship Co.* [1892] 1 Q. B. 58. Furthermore, as we have stated, it appears that, in addition to the electric lights, there were lanterns available; and if one of them was not used, that also, so far as appears, was due to the omission of a fellow servant.  We are of opinion that the plaintiff has failed to show that his injury was caused by inadequate equipment of the vessel, or by any breach of duty on the part of the defendants.  *Floyd* v. *Sugden,* 134 Mass. 563. *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209.  *Moynihan* v. *Hills Co.* 146 Mass. 586, 593.

*Judgment on the verdict for defendant.*

*B. Hall,* for the plaintiff.

*A. H. Russell,* ( *C. T. Russell, Jr.* with him,) for the defendant.