Bartlett, J.
This is an appeal from a judgment of the court, of common pleas for the city and county of New York affirming-a judgment dismissing the complaint at the close of the trial, and. from an interlocutory order denying a motion for a commission.
The plaintiff seeks to recover damages for defendant’s negligence in causing the death of her husband who fell from defendant’s ship and was drowned.
The complaint avers that defendant is a British corporation and its steamship ‘ Albano’ sailed under a British register; that the-intestate was assistant steward of the ‘Albano,’ and on the 11th day of September, 1884, while the steamship was on the high seas-off the coast of the United States of Colombia, in the bay of Savanilla, or within the territory of that government, he met his death-as stated.
We were asked to consider several questions on this-appe'al.
It was insisted that the jury should have determined whether the ship was on the high seas at the time of this accident or within-the territorial limits of the United States of Colombia. If the-ship was on the high seas, then did the law of the flag place the-right of the parties under 'Lord Campbell’s Act (Ch. 93, Acts of Parliament, 9th and 10th of Victoria) which created a cause of action unknown to the common law against a person who, by his wrongful act, neglect or default, caused the death of another ?
If the ship was within the territorial limits of the United States-of Colombia, was the plaintiff entitled to the commission moved for to prove the law in force in that jurisdiction at the time of the accident?
The view we take of this case renders it unnecessary to pass, upon these questions. We do not think there was evidence sufficient to authorize the jury in finding the defendant guilty of negligence and the-deceased free from contributory negligence.
On the evening of the accident, which occurred about eight o’clock and after dark, the iron doors of the forward gangway or port, on the starboard side of the ship, were left open, and the opening, instead of being-guarded by the ordinary bulwark rail, was secured to a certain extent by a rope made fast on either side of the gangway, not stretched taut, but more or less slack according to conflicting evidence.
It was a dark night, the ship rolled at her anchor and the waves-were breaking against her side.
It was proved that it was. part of the duty of the deceased to> wash the silver after dinner and to pass ont on deck and throw overboard the water used for that purpose.
No one saw the deceased fall overboard, nor did any one see him go on deck. The second engineer of the ship testified he was. *319 on deck and heard a gurgling cry that led him to shout there was a man overboard; a rope was thrown over; a hand was seen lifted out of the water; boats were lowered and an unsuccessful search made; the roll was called and it was found intestate was missing.
There is no direct proof as to how the deceased met his death; there is nothing to show that he fell through the open port, or that his exit from the ship was accidental.
It is true a theory may be adopted which would lead to the moral conviction that his death was accidental while in the discharge of his duty and in the exercise of reasonable care, but all this falls very far short of sustaining the burden of proof under which the plaintiff rested.
As to the defendant’s alleged negligence the proofs are equally defective.
If the deceased came to his death by reason of defendant’s-negligence, it rests upon the alleged absence of the bulwark rail over the gangway opening.
Without going into details, we think there was a failure to show that the bulwark rail was not provided by the defendant, or, if not furnished, that it was essential in addition to the iron doors supplied to close the gangway at all times when cargo was not being received or discharged.
If the deceased came to his death by reason of the iron doors being left open on the night of the accident, then it was the negligence of a co-servant which led to the result.
It was the duty of the master, or the mate, or some officer of the ship to see that these gangway doors were properly closed and secured at night. The, failure to perform this duty is negligence for which the owner of the ship is not liable. Benson v. Goodwin 147 Mass. 238; Rogers v. Ludlow Mfg. Co., 144 id. 198; The City of Alexandria, 17 Fed. Rep. 390.
The evidence in the case at bar tended to show that if any one was negligent in leaving the iron doors open it was the mate, and the appellant insists that plaintiff proved the inherent incapacity of the mate, and that it was the defendant’s duty to show affirmatively that it had valid reasons to suppose he was competent.
We do not think the evidence would sustain a finding by the jury that the mate was incompetent or that the defendant waschargable with knowledge,of the fact.
The judgment and order should be affirmed, with costs.
All concur.
Judgment affirmed.