in consequence of the threat, has, under such circumstances, no right of action against the other organization or its members."

We have examined carefully the opinion and reasons assigned for this decision, and the cases cited and referred to and discussed therein (Allen v. Flood [1898] App. Cas. 1; Davis v. Engineers, 28 App. Div. 396, 51 N. Y. Supp. 180; Curran v. Galen, 152 N. Y. 36, 46 N. E. 297, 37 L. R. A. 802), and see no reason to disagree with or criticise the conclusion arrived at by the First department, appellate division. The principles there laid down are applicable to this case, and, following that case, we must hold that the trial court erroneously decided that the plaintiff was entitled to recover in this action. We do not deem it necessary to quote from the opinion in the case referred to, or in the cases cited therein. The Curran-Galen Case, in the court of appeals, is not in conflict with the principles laid down in the First department case, as the opinion in the latter case clearly points out. Until the court of appeals overrules the First department, we think we should regard that case as controlling upon us, irrespective of our own views upon the subject.

We conclude, therefore, that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. So ordered. All concur.

---

(59 App. Div. 202.)

LARSSEN v. DELAWARE, L. & W. R. Co.

(Supreme Court, Appellate Division, Second Department. March 15, 1901.)

1. MASTER AND SERVANT—INJURY TO SERVANT—FELLOW SERVANT—INCOMPETENCY—COMPLAINT.

Where a complaint, in a suit for injuries, alleged that a deck hand on a certain barge was injured by the negligence of the captain, but contained no allegation that the captain was incompetent, such complaint was properly dismissed, since the captain was the deck hand's fellow servant, and the shipowner was not responsible for his negligence, in the absence of negligence on its part in employing or retaining him.

2. SAME—TRIAL—REJECTION OF EVIDENCE—FAILURE OF CAUSE—MATTER IN AGGRAVATION.

Where an insufficient complaint, in a suit against a master for the negligent injury of a servant, alleged matter in aggravation, it was not reversible error to exclude evidence under such allegation.

Appeal from trial term, Kings county.

Action by Abraham Larssen against the Delaware, Lackawanna & Western Railroad Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Albert A. Wray, for appellant.

Hammond Odell (Hamilton Odell, on the brief), for respondent.

GOODRICH, P. J. In March, 1897, a steam tug belonging to the defendant was towing three sea-going barges from Hoboken, N. J., to Newport, R. I. The first barge was the Oceanus, having a crew consisting of master, two deck hands (one of whom was the plaintiff),

and a cook. This barge was attached to the tug by a long hawser, and, tailed on to her after bitts by another long hawser, was the barge Shickashinny, and, still astern of the latter, was a third barge, similarly attached to the second barge. The two stern barges were bound for Boston. As the tow neared Newport the tug stopped, and signaled the Oceanus to cast off the two stern barges. Capt. Griff, the master of the Oceanus, ordered the plaintiff to cast the hawser off the stern bitts; and the plaintiff unlashed the hawser, and was paying it out, when the master of the Shickashinny called out not to let go. Capt. Griff told the plaintiff to make the hawser fast again, and was told by him that there was not enough left aboard to do so. Capt. Griff told him: "Never mind; get a turn on it, and hold onto it." The plaintiff said: "It is dangerous; the tug will be going ahead in a minute." The captain told him to "take the turn," and in attempting to obey the order he and the cook got a turn of the hawser about the bitts and held on. The tug started up, and the strain of the stern boats lifted the hawser out of the water. The master of the Shickashinny called out to let go, and Capt. Griff repeated the order to the plaintiff, who said it was dangerous, but upon a repetition of the order both men let the hawser go. The cook jumped away, and was not injured, but the plaintiff was struck by the end of the hawser, thrown down upon the deck, and had his leg broken. This was about 10 o'clock in the morning. The master sent for a blanket, and covered up the plaintiff as he lay upon the deck. The Oceanus was towed into Newport harbor, where she anchored about 10:30, and the plaintiff, after lying upon the deck for more than an hour, crept into the galley. At 6 o'clock that afternoon the tow arrived in Providence, where the plaintiff was sent to a hospital. He claims that the defendant is responsible for his original injuries, and also for their aggravation, on the ground that he ought to have had medical attention at Newport, instead of being compelled to await the arrival of the tow at Providence. The court dismissed the complaint at the close of the plaintiff's case, and appeal comes to this court.

The complaint contained no allegation that the master was incompetent. It only alleged "that the said tug and tow and said barge Oceanus were so carelessly, negligently, and unskillfully managed and navigated by the defendant, its agents, servants, and masters of said tug, and said barge Oceanus, and the barge next astern of her, that in casting off the hawser from said barge Oceanus plaintiff was struck." This is the gravamen of the action, simply and purely the negligent act of the master of the barge.

There was another allegation:

"That said injuries and damages were aggravated through the negligence, carelessness, and improper treatment of this plaintiff on the part of the defendant, its agents and servants, in that they did not have plaintiff's wounds and ailments attended to in season, but negligently delayed to send plaintiff to a hospital or procure medical attention for him until six o'clock in the evening."

The case seems to fall within the principles laid down in Gabrielson v. Waydell, 135 N. Y. 1, 31 N. E. 969, 17 L. R. A. 228, which was

an action for a malicious assault upon the high seas. The court was called upon to consider the relations of the master to the seamen, and held, Judge Gray writing, that they were fellow servants, engaged in one common employment; that the owner "has performed his duty when he has furnished to those who are employed by him a reasonably safe place, appliances adequate to the purposes of the employment, and when he has appointed as fellow servants in the undertaking proper persons, competent for their positions. After that, for what may happen from the risks of the employment, or from the negligence and torts of fellow servants, he will not be responsible."

The court also cited with approval the doctrine of Keegan v. Railroad Corp., 8 N. Y. 175, where Chief Judge Ruggles said:

"Where the injury results from the actual fault of a competent and careful agent (as may sometimes happen), the fault will not be imputed to the principal, when the injury falls upon another servant, as it will where the injury falls on a third person, as, for instance, on a passenger on a railroad. In the case of a passenger, the actual fault of the agent is imputed to the principal on grounds of public policy; in the case of a servant, it is not."

Loughlin v. State, 105 N. Y. 159, 11 N. E. 371, was a case where the plaintiff was injured while in the employ of the state on a boat under the command of one Capt. Wells. Loughlin was digging and wheeling clay to the boat, and Capt. Wells had loosened the overhanging earth, which fell upon and injured the plaintiff. Judge Andrews said (pages 162, 163, 105 N. Y., and page 372, 11 N. E.):

"The liability of the master, when the negligence was not his personal act or omission, but the immediate act or omission of a servant, turns, as was said in Crispin v. Babbitt, 81 N. Y. 516, 521, upon the character of the act, and this was but the enunciation of the established doctrine in this state upon the subject. If the co-servant whose act caused the injury was at the time representing the master in doing the master's duty, the master is liable; if, on the other hand, he was simply performing the work of a servant, in his character as a servant or employé merely, the master is not liable. The injury in the case last supposed would, as between the master and the servant sustaining the injury, be attributable solely to the immediate author, and not to the master. In harmony with the general principle that the character of the act is the decisive test, it has been repeatedly decided in this court that the fact that the person whose negligence caused the injury was a servant of a higher grade than the servant injured, or that the latter was subject to the direction or control of the former, and was engaged at the time in executing the orders of the former, does not take the case out of the operation of the general rule, nor make the master liable."

In Hedley v. Steamship Co. [1892] 1 Q. B. 58, it was held, Lord Escher, M. R., writing, that the captain and crew employed in the navigation of a ship by the owner are fellow servants engaged in a common employment, and therefore the shipowner is not liable to an action for the negligence of the captain, by which one of the crew was injured; that the captain "is a superior servant, and the seaman is an inferior servant, bound to obey the orders of the captain, but they are both servants of the same master, employed in the same operation. They are therefore fellow servants, engaged in a common employment. The common law of England is that where fellow servants are engaged in a common employment, whether one is inferior to the other, whether one is bound to obey the other

or not, the master is not liable for injury occasioned to the one through the negligence of the other."

I can discover no difference in the principles which govern the relations of the master of a vessel to the crew and the relations of a conductor of a railroad train to the brakemen; and in Railroad Co. v. Conroy, 175 U. S. 323, 20 Sup. Ct. 85, 44 L. Ed. 81, it was held that the negligence of a conductor which caused the death of a brakeman was the negligence of a fellow servant, for which the company was not responsible.

As the defendant is not responsible to the plaintiff for the negligence of the captain, it follows that the complaint, in order to sustain the action, should contain an allegation that the employer was negligent either in employing or retaining the servant (2 Thomp. Neg. 1052, and cases cited), and the complaint in the case at bar contains no such allegation.   In the Gabrielson Case, supra, the court held that in determining the liability of the defendant it should be guided by the principles of the maritime law, as the plaintiff's employment was a maritime contract.   Judge Addison Brown, of the district court of the United States for the Southern district of New York, an eminent admiralty judge, held, in The City of Alexandria, 17 Fed. 390, that:

"The navigation of a ship from one port to another constitutes one common undertaking or employment, for which all the ship's company in their several stations are alike employed.  Each is in some way essential to the others in furtherance of the common object, viz. the prosecution of the voyage.  Each one, therefore, upon the principles laid down in the common-law courts, takes the risk of any negligence in the performance of his duties by any of his associates in the common employment."

Similar doctrine is enunciated in The Queen (D. C.) 40 Fed. 694.

It follows that the complaint was properly dismissed.

One exception requires consideration.  The court excluded, under plaintiff's exception, evidence to show that the plaintiff asked to be put ashore at Newport, or to call a physician to attend him there. The alleged negligence of the master in delaying medical attendance is set out in the allegation of the complaint above cited, not as a separate cause of action, but only as an aggravation of the damages resulting from the orignal negligence.  As such, it must fall with that cause of action as it is subsidiary thereto.  The exclusion of the evidence was not, therefore, legal error.

The judgment should be affirmed.  All concur.