---

(137 App. Div. 71.)

CARLIN v. NEW YORK DOCK CO. et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. MASTER AND SERVANT (§ 200*)—FELLOW SERVANTS—CAPTAIN OF FLOAT AND CAPTAIN OF TUG.

The captain of a float and the captain of a tug having it in tow are fellow servants of the common master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 492; Dec. Dig. § 200.*]

2. MASTER AND SERVANT (§ 252*)—EMPLOYER'S LIABILITY ACT—NOTICE.

The giving of the notice of place, time, and cause of injury, required by Employer's Liability Act (Laws 1902, c. 600) § 1, subd. 2, is a condition precedent to bringing an action under the act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

3. MASTER AND SERVANT (§ 252*)—EMPLOYER'S LIABILITY ACT—SUFFICIENCY OF NOTICE.

A notice to a master that an employé "was killed on the 24th day of March, 1903, while in your employ on a float, in the vicinity of Communipaw Ferry, North River, due to a collision which occurred in said vicin-

ity of Communipaw Ferry. Dated Brooklyn, New York, July 15, 1903. Sarah A. Carlin"—was insufficient as a notice under Employer's Liability Act (Laws 1902, c. 600) § 1, subd. 2, providing that no action shall be brought for death under the act unless notice of time, place, and cause of the injury be given the employer, notwithstanding the probability that the employer had other means of acquiring all necessary information.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Appeal from Trial Term, Kings County.

On reargument. Former opinion reversed, and judgment and orders of lower court affirmed.

For former opinion, see 120 N. Y. Supp. 261. See, also, 120 N. Y. Supp. 1116.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Rufus O. Catlin, for appellant.

James J. Mahoney, for respondent New York Dock Company.

CARR, J. The plaintiff's intestate, Thomas Carlin, was in the service of the defendant the New York Dock Company as captain of a float on which the defendant transported railroad cars about New York Harbor. While the float was in tow of one of the dock company's tugs on its way from Jersey to Brooklyn, a collision occurred between that tow and another tow in charge of the New York, New Haven & Hartford Railroad Company. As a result of this collision Thomas Carlin lost his life. The plaintiff is his widow and administratrix. She has brought this action against her husband's employer and the railroad company, charging that the collision was due to the negligence of both of them. On the trial of the action she sought to charge the New York Dock Company with negligence on the part of the captain of its tug which was towing the float. This negligence, according to the plaintiff's claim, arose in the act of the tug captain in continuing his course without stopping soon enough when he saw the other tow approaching.

The learned trial court dismissed the complaint against the dock company on the ground that the decedent, the captain of the float, and the tug captain were fellow servants, and that hence the plaintiff could not recover against the common master. As it appeared on the trial, the captain of the tug was, at the time of the accident, in the wheelhouse of the tug, engaged himself in the actual navigation of the tow. The question arises whether, under such circumstances, he was the alter ego of the master, or a fellow servant with the other servants of the common master engaged in the work of the tow. There are several authorities to aid in the answer to this question. Outside this state, the question whether the master of a ship is a fellow servant of the members of the crew has been the subject of not a few decisions. In the case of The City of Alexandria (D. C.) 17 Fed. 390, it was held that all the officers and the members of the crew of a vessel on a voyage, whatever be their relative ranks, are fellow servants in one enterprise, and no liability can be imposed upon the owner for the negligence of one as against the other. The same rule was

declared in Benson v. Goodwin, 147 Mass. 237, 17 N. E. 517. In Mathews v. Case, 61 Wis. 491, 21 N. W. 513, 50 Am. Rep. 151, the owner of a ship was held not to be liable for the negligent act of the ship's captain in steering the ship so unskillfully in the trough of the sea that it was boarded by large quantities of water, which caused an injury to one of the crew, and the ground of the decision was that the captain and the crew were fellow servants.

In this state the authorities are to the same effect. In one phase or other, the question has been twice before this court in a not very great length of time. In Larsson v. Delaware, L. & W. R. R. Co., 59 App. Div. 202, 69 N. Y. Supp. 352, it was held that the owner of a seagoing tug was not liable to a deckhand for personal injuries caused by negligence of the captain in the management of the tug, because both captain and deckhand were fellow servants, and the case of Hedley v. Pinkney & Sons S. S. Co., L. R. 1892 [1 Q. B.] 58, where the same doctrine was declared, was cited as one of many authorities to that effect. In Belt v. Du Bois Sons Co., 97 App. Div. 392, 89 N. Y. Supp. 1072, a collision had taken place between a tug and a pile driver, both owned and operated by the defendant, and one of its servants engaged on the pile driver was injured through the alleged negligence of the tug captain. It was held that both the tug captain and the man on the pile driver were fellow servants, and that no liability fell upon the common employer. In Gabrielson v. Way-dell, 135 N. Y. 1, 31 N. E. 969, 17 L. R. A. 228, 31 Am. St. Rep. 793, there is an exhaustive consideration of the question of the fellow servantship of the captain with the crew of a vessel while on a voyage, and, while the court was divided as to whether the owner was liable to a member of the crew for cruel conduct on the part of the captain as a fellow servant, there was no division of opinion that in ordinary work of navigation captain and crew were all fellow servants. To the same effect is the authority of Geoghegan v. Atlas S. S. Co., 146 N. Y. 369, 40 N. E. 507.

The plaintiff seeks to avoid this common-law rule by asserting a right to maintain her action under the "employer's liability act" (chapter 600, Laws 1902). It is her claim that the captain of the tug was a "person in the service of the employer intrusted with and exercising superintendence whose sole or principal duty is that of superintendence," within the provisions of that statute, and that hence there is a liability on the part of the employer, the dock company, for the captain's negligence in the navigation of the tow. Unfortunately for her, the notice given by her, under the requirements of section 1, subd. 2, of that statute, does not bring her case within its provisions, so as to present the question of the captain's "superintendence" for our decision. The notice given was as follows:

"To the New York Dock Company: The undersigned * * * hereby notifies you, pursuant to chapter 600 of the Laws of 1902 of the State of New York, that said Thomas F. Carlin was killed on the 24th day of March, 1903, while in your employ on a float in the vicinity of Communipaw Ferry, North River, due to a collision which occurred in said vicinity of Communipaw Ferry.

. "Dated Brooklyn, N. Y., July 15, 1903.        Sarah A. Carlin."

That this notice is wholly insufficient as a compliance with the provisions of the statute seems beyond discussion, notwithstanding the probability that the defendant dock company had other means of acquiring all necessary information. The giving of the notice required by the statute is a condition precedent to bringing an action within its terms. Finnigan v. New York Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233.

The judgment dismissing the complaint as against the defendant the New York Dock Company, and the order denying a new trial, should be affirmed on reargument, with costs. All concur.