THEODORE VOSS v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

Submitted March 28, 1898—Decided June 13, 1898.

1. A railroad company, in the operation of its railroad and freight and coal yards, is not bound to make, establish and enforce rules and regulations to protect its servants and employes from the risks of danger incident to the employment, or from those risks which are obvious, or risks of danger arising from the negligence of co-servants in the same common employment, nor from the risks of danger to be incurred by reason of the want of ordinary care on the part of the servant in his employment.

2. The general averment in a count in a declaration of the negligence of the railroad company to make and enforce reasonable and proper rules and regulations for the guidance of its employes in its business, or in the operation of its railroad yards, is not a sufficient averment of an element of negligence upon which an action for personal injuries by the servant against the company can be based.

On demurrer to declaration.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the plaintiff, *Joseph A. McCreery.*

For the defendant, *Flavel McGee.*

The opinion of the court was delivered by

LIPPINCOTT, J. In this case separate demurrers are filed to the first and third counts of the declaration. The action is one by the plaintiff to recover damages of the defendant for personal injuries inflicted while the plaintiff was in the employment of the defendant in its freight and coal yard at the terminus of its railroad at the Hudson river, in Jersey City.

The first count of the declaration avers that at the terminus of this railroad the railroad company had a coal yard appurtenant to the railroad, and used in connection with the distribution of coal carried by the railroad company to the various points of unloading, by means of tracks laid in the said yard over which the cars carrying coal were transferred. It avers that in January, 1896, the plaintiff was a servant of the defendant in this yard, and that it was a part of his work or duty to go upon the coal cars standing in said yard, and get coal to be used in the said business of operating its railroad. One averment of negligence in this count is that the defendant suffered and permitted, in the operation of its yard, "its cars to be kicked with great force and violence across this yard—that is to say, to be driven across by giving them an impetus and detaching them."

So far as this averment standing alone is concerned, the impetus and the detachment of the cars was the manner in which the work of the yard was done by the co-employes or co-servants of the plaintiff in the employment of the defendant, whose negligence in this respect, even if it be conceded to exist, would not form a basis for an action for injuries arising by reason of such negligence. The negligence of a co-servant is a risk assumed in the common employment.

But the count of the declaration obtains its force from the further averment of negligence of the defendant in operating its roads, which is couched in these words, to wit, "and of its negligence and carelessness in failing to make and enforce reasonable and proper rules and regulations for the guidance of its employes in the operation of its said yard," and again charging it with "negligence and carelessness in failing to make and enforce reasonable and proper rules and regulations for the guidance of its employes in its said business." The declaration further avers that cars were permitted or suffered to be drawn with great violence across the yard and against the car from which the plaintiff was obtaining coal, thereby causing him to be thrown from the car and sustaining injury.

There is no averment whatever setting forth in what respect the failure to make reasonable rules and proper regulations was the cause of the injury to the plaintiff.

Even if such averment had been contained in this count of the declaration, still it is clear that in the work of the operation of this yard and the business carried on therein the plaintiff assumed all the risks of the negligence of his co-servants as incidental to this class of employment, and therefore the gravamen of the count, in so far as the liability of the defendant is concerned, is in the averment that the company failed to establish certain general rules for the guidance of its employes or servants in their relations to each other in the work being carried on in this yard. This count of the declaration is framed upon the general idea that it was the duty of the defendant as master to make and enforce rules and regulations for the operation of its yard.

I think it is sufficient to say that in the law no such legal duty existed upon the part of the defendant. Risks which are incidental to the employment, risks which are obvious and those arising from the negligence of co-servants, and those created by the want of reasonable care in the exercise by the servant of his employment, are all assumed by the servant when he enters or continues in the service, and there cannot in reason be any legal duty resting upon the master to establish rules and regulations to protect the servant from such risks. The general averment of the failure to exercise reasonable care to make and establish or enforce rules and regulations furnishes no basis of liability against the master. No authorities have been cited to sustain such a proposition and it cannot be founded upon any sound reasoning. The cases to which reference has been made in support of this count are cases in which is declared the duty of the master to exercise the legal degree of care to provide a safe place for the servant to do his work or provide safe appliances with which to perform it, and that the master is answerable for default in these respects, and that the default may exist in the system provided for the servant to work by or in the particular method by which the work is done, and can have no application whatever to the case in hand.

There is a class of cases which hold that if rules and regulations are made that they must be of such a character as will afford reasonable protection from incidental or obvious dangers, and if they are unreasonable and obedience to them causes injury to the servant, a liability arises upon the part of the master, but there is no principle of law compelling the establishment of rules by which the work of the master shall be done by the servant. The great danger to the master would be the establishment of rules and regulations for the conduct of his business, the operation of which might result in risks not contemplated by the parties, and involve serious discussion as to their reasonableness. The master is not bound to make any such rules, but is entitled to have his liability to his servant for the dangers of the work determined by the

application of the general principles of law regulating and governing the relation of master and servant to each particular cause or case of injury as it arises, and to the system or manner in which his business is operated or conducted.

Neither do the cases in which the question of the duty of the master toward an ignorant or inexperienced workman entering upon a dangerous employment is discussed, have any place in the determination of the questions presented by this count.

The demurrer to the first count of the declaration is sustained, with costs.

The third count of the declaration appears to present a good cause of action. It is averred in this count, in apt and appropriate language, that the defendant failed to exercise reasonable care in selecting co-servants with the plaintiff, and knowingly employed incompetent, careless and inefficient co-servants, and that as such they negligently and carelessly performed their duty in this employment, whereby the injuries arose to the plaintiff. The averments in this count clearly and sufficiently set forth this element of negligence and the results thereof to the plaintiff.

The demurrer to the third count, therefore, will be overruled, with costs.