## BROWN v. PENNSYLVANIA R. CO.

(Circuit Court, D. New Jersey. January 23, 1906.)

MASTER AND SERVANT—ACTION FOR INJURY—PLEADING—ALLEGATIONS.

> A declaration in an action against a railroad company by an employé to recover for a personal injury, the substance of the negligence charged being the running of an engine by defendant against a line of standing cars, on one of which plaintiff was working in obedience to orders, with such force as to cause his injury, is insufficient, where it does not allege by what agent or servant of defendant the alleged act of negligence was committed, but merely that it was committed by defendant.
>
> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 820.]

At Law. On demurrer to declaration.

Mark A. Sullivan (Joseph Anderson, on the brief), for plaintiff.
James B. Vredenburgh, for defendant.

LANNING, District Judge. This is an accident case. The principal cause of demurrer assigned is that the declaration fails to show any negligence on the part of the defendant.

The declaration contains two counts. In the first count the plaintiff alleges that on March 15, 1904, he was a freight handler in the employ of the defendant at its freight house in Jersey City, and that on that day—

"The said defendant ordered and directed the said plaintiff to open the coupler on one of the cars that stood at the side of the platform on which the plaintiff was working in said freighthouse, and which said cars were being loaded with freight by plaintiff and his fellow servants, which said work of opening said coupler was not within the engagement and scope of the employment of the said plaintiff, and was perilous, dangerous, and hazardous, and whereof the said plaintiff was unaware and unadvised by said defendant. Plaintiff went

on the bumper of said car in order to execute the bidding of said defendant, and while said plaintiff was engaged in opening said coupler on said car, and without any warning to him, an engine owned and operated by said defendant wrongfully and negligently came down the track upon which said cars were standing, and unawares and without warning to plaintiff, negligently and with great force hit said car, or the line of cars on one of which plaintiff was, thereby causing plaintiff to be thrown in such a manner that his right foot was caught between the bumpers of the cars, and when said cars came together by reason of the said negligent hitting by the said engine plaintiff's toes on his right foot were crushed, cut, and mangled in such a manner that it became and was necessary to have two of his said toes amputated. By which said negligent and forcible hitting as aforesaid said plaintiff was made sick, sore, lame, disabled, and crippled for life, and suffered great and excruciating pain, and was totally incapacitated from pursuing any occupation and earning his livelihood for a long space of time, to wit, the space of three months,, and still is greatly and permanently incapacitated from performing and pursuing his ordinary avocation or work, and said plaintiff was put to great expense for medical care and treatment in the healing of said injuries."

In the second count the plaintiff sets forth his employment as in the first count, and then avers that—

"Relying upon the presumption that defendant had guarded the car, or line of cars, upon which plaintiff was directed to work, in such a manner as to make said car or line of cars reasonably safe upon which to perform said work, said plaintiff proceeded to perform said work according to the bidding from said defendant, and while thus engaged, and by reason of the fact that the car, or line of cars, upon which he was directed to work, was not guarded so as to be made reasonably safe, a certain other engine owned and operated by said defendant, unawares and without warning to said plaintiff, came down the track, and then and there negligently struck said car or the line of cars on one of which the plaintiff was working with such force that plaintiff was. thrown in such a manner that his right foot was caught between the bumpers of the cars, and when said cars came together by reason of the said forcible and negligent hitting by the said engine plaintiff's toes on his said right foot were crushed" [and then continuing as in the first count].

These averments are too general to comply with the principles of good pleading. The substance of the complaint in each of the counts is the negligent use of the engine which hit the car on which, or the line of cars on one of which, the plaintiff was working. Assuming that there was negligence in the use of the engine, the averments do not show that that negligence was imputable to the defendant. The defendant is a corporation. It acts only by its agents. What particular agent or agents failed to perform any duty owing to the plaintiff is not disclosed by any of the averments in the declaration. Had such disclosure been made, it might have appeared, affirmatively, that the negligence was that of one of the plaintiff's co-servants. Indeed, the reasonable inference to be drawn from the averments is that the negligence was that of a co-servant.

Upon the authority of Mealman v. Union Pacific Railway Company (C. C.) 37 Fed. 189, 2 L. R. A. 192, Borgman v. Omaha & St. Louis R. R. Co. (C. C.) 41 Fed. 670, and Voss v. D. L. & W. R. R. Co., 62 N. J. Law, 60, 41 Atl. 224, I think the demurrer should be sustained.