MARY COLLINS, Administratrix, etc., *vs.* ST. PAUL & SIOUX CITY RAILROAD. COMPANY.

November 24, 1882.

**Master and Servant—Negligence of Fellow-Servant.**—A track-repairer was run over after nightfall by a locomotive furnished with a proper "head-light," which, however, was not lighted. *Held*, that while failure to provide a head-light would have made the company liable, it was not liable to the person injured for the failure to light the one provided, the neglect being that of his fellow-servant. [Reporter.

**Evidence held Insufficient.**—Evidence considered, and *held* that the action (being for an injury alleged to have been caused by defendant's negligence) was properly dismissed.

Action in the district court for Nobles county, to recover damages for personal injuries to plaintiff's intestate. On the trial, before

*Severance,* J., and a jury, when plaintiff rested, the action was dismissed on defendant's motion. Plaintiff appeals from an order refusing a new trial. The case is stated in the opinion.

*Geo. W. Wilson* and *Emory Clark,* for appellant.

The failure to have a light upon the engine was a failure of the company to provide proper appliances in operating the train. In this duty the servant represents the master. *Drymala* v. *Thompson,* 26 Minn. 40; *Wood* v. *N. Y. C. & H. R. R. Co.,* 70 N. Y. 195; *Flike* v. *Boston & A. R. Co.,* 53 N. Y. 549; *Ford* v. *Fitchburg R. Co.,* 110 Mass. 240; *Baltimore, etc., R. Co.* v. *State,* 33 Md. 542.

The servants of defendant engaged in operating the train were not fellow-servants of plaintiff's intestate. *Toledo, W. & W. Ry. Co.* v. *O'Connor,* 77 Ill. 391; *Chicago, B. & Q. R. Co.* v. *Gregory,* 58 Ill. 272; *Toledo, W. & W. Ry. Co.* v. *Moore,* 77 Ill. 217.

*E. C. Palmer* and *Daniel Rohrer,* for respondent, that plaintiff's intestate and those engaged in operating the train were fellow-servants, cited *Gormley* v. *Ohio & M. Ry. Co.,* 72 Ind. 31; *Foster* v. *Minn. Cent. Ry. Co.,* 14 Minn. 277, (360;) *Gates* v. *Southern Minn. Ry. Co.,* 28 Minn. 110; *Coon* v. *Syracuse R. Co.,* 5 N. Y. 492; *Chicago & N. W. R. Co.* v. *Scheuring,* 4 App. Cas. (Ill.) 533; *Holden* v. *Fitchburg R. Co.,* 129 Mass. 268; *Curran* v. *Merchants' Mfg. Co.,* 130 Mass. 374; *Alabama & F. R. Co.* v. *Waller,* 48 Ala. 459; *Colorado C. R. Co.* v. *Ogden,* 3 Col. 499; *Shields* v. *Yonge,* 15 Ga. 349; *Beaulieu* v. *Portland Co.,* 48 Me. 291; *Hanrathy* v. *N. C. Ry. Co.,* 46 Md. 280; *Michigan C. R. Co.* v. *Smithson,* 45 Mich. 212; *Memphis & C. R. Co.* v. *Thomas,* 51 Miss. 637; *Marshall* v. *Schricker,* 63 Mo. 308; *McAndrews* v. *Burns,* 39 N. J. Law, 117; *Sammon* v. *N. Y. & H. R. Co.,* 62 N. Y. 251; *Lehigh Coal Co.* v. *Jones,* 86 Pa. St. 432; *Robinson* v. *H. & T. Cent. Ry. Co.,* 46 Tex. 540; *Hard* v. *Vt. & C. R. Co.,* 32 Vt. 473; *Columbus, etc., Ry. Co.* v. *Troesch,* 57 Ill. 155; S. C., 68 Ill. 545; *Mercer* v. *Jackson,* 54 Ill. 397; *Collier* v. *Steinhart,* 51 Cal. 116; *Slattery* v. *Toledo & W. Ry. Co.,* 23 Ind. 81; *Jones* v. *Mills,* 126 Mass. 84; Wood on Master & Servant, §§ 416–435.

GILFILLAN, C. J. The action is by plaintiff, as administratrix, to recover for an injury to her intestate, Cornelius Collins. He was a laborer employed by defendant in repairing its track, and, at the time

when hurt, was, with others, going along on the track upon a hand-car after nightfall. A train coming along on the track ran upon the hand-car, and injured Collins so that he died. The complaint alleges that there was negligence in running the train; that there was no light in front of the locomotive; and that it had not what is called a head-light. The negligent omission to provide a head-light (or lantern) upon the locomotive,—it appearing that a head-light is necessary to the safe running of a train in the dark,—would have been the negligence of the defendant, as between it and its servants, for which it would have been liable to them for injuries caused by it. *Drymala* v. *Thompson,* 26 Minn. 40. There was, however, no evidence that there was not a head-light on the locomotive; on the contrary, the evidence was full and satisfactory that it had a head-light. There was evidence enough that it was not lighted at the time. That was due to the neglect of those in charge of the train,—fellow-servants of Collins,—for whose negligence the defendant would not be liable to him or his representatives. *Foster* v. *Minn. Cent. Ry. Co.,* 14 Minn. 277, (360.) The action was properly dismissed.

Order affirmed.