MATILDA ROBERTS, Administratrix, *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

February 14, 1885.

**Master and Servant—Fellow-Servants--Baggage-Master and Switch-Tender.**—A baggage-master on a passenger train and a switch-tender *held* fellow-servants, within the rule exempting the master from liability for an injury resulting to one servant from the negligence of another engaged in the common service; following *Brown* v. *Minneapolis & St. L. Ry. Co.,* 31 Minn. 553.

Action to recover damages for the killing of plaintiff's husband, brought in the district court for Ramsey county.    Upon the trial before *Brill,* J., and a jury, when plaintiff rested, the action was dismissed on defendant's motion.    Plaintiff appeals from an order refusing a new trial.    The case is stated in the opinion.

*W. D. Cornish* and *J. W. Lusk,* for appellant, cited *Dixon* v. *Rankin,* 1 Am. Ry. Cas. 569; Story on Agency, § 453d; *Louisville, etc., R. Co.* v. *Collins,* 2 Duv. (Ky.) 114, and note, 5 Am. Law Reg. (N. S.) 272; *C. & N. W. R. R. Co.* v. *Moranda,* 93 Ill. 302; *Railroad Co.* v. *Keary,* 3 Ohio St. 201; *Pittsburg, etc., Ry. Co.* v. *Devinney,* 17 Ohio St. 197; *Berea Stone Co.* v. *Kraft,* 31 Ohio St. 287; *Mann* v. *Oriental Print Works,* 11 R. I. 152; *Dowling* v. *Allen,* 74 Mo. 13; *Gillenwater* v. *Madison & I. R. Co.,* 5 Porter, 339; *Fitzpatrick* v. *New*

*Albany & S. R. Co.*, 7 Porter, 436; *Russell* v. *Hudson R. R. Co.*, 5 Duer, 39; *Chic., Mil. & St. P. Ry. Co.* v. *Ross*, 112 U. S. 377.

*John D. Howe*, for respondent.

VANDERBURGH, J. One of defendant's passenger trains ran off the track in consequence of a misplaced switch, negligently left open by one of its employes in charge thereof, thereby causing the death of plaintiff's intestate, who was a baggage-master on the train. Hence this action for damages. It is not questioned that the track, switch, and train were in all their appointments complete, and in good order and repair. And it is not alleged that the defendant was negligent in the selection or employment of the person charged with the duty of operating the switch, or that there had been any omission on its part to adopt and make known to its employes proper rules and regulations to govern them in the discharge of their duties.

The discussion is therefore narrowed down to the single question whether the baggage-master and switch-tender, who were thus in the employ of a common master, are to be regarded as fellow-servants, within the rule exempting the company from liability in such cases. This can now hardly be considered an open question in this state. The same point, substantially, was determined in *Brown* v. *Minneapolis & St. L. Ry. Co.*, 31 Minn. 553, a case which was very carefully considered and must govern the disposition of this. In that case, a station agent, whose duty it was to see that the tracks were kept clear, and the switches in order, at the station where the accident occurred, and an engineer of a regular passenger train, who was injured through the negligence of such agent, were held to be fellow-servants. And so in *Collins* v. *St. Paul & S. C. R. Co.*, 30 Minn. 31, an engineer in charge of one of defendant's trains, and a track-repairer who was run over by the engine, were held fellow-servants. It thus appears that, under the decisions of this court, the application of the rule is not limited to cases where the servants are associated together in a particular department of service. The co-operation of the switchman is necessary to the successful management of the trains, and employes upon the train, in the common service, assume the risk of the negligent discharge of his duty.

Order affirmed.