DIXON v. GRAND TRUNK WESTERN RAILWAY CO.

1. MASTER AND SERVANT — PLACES FOR WORK — DELEGATION OF DUTY.

Keeping switches closed and locked while not in use is not one of the absolute duties of a railroad company to its employés, but is one of its assignable duties which can properly be delegated to an employé.

2. SAME—FELLOW-SERVANT—APPLICATION OF RULE.

A railroad company is not liable for injuries to a crossing tender caused by the negligence of a switchman in leaving a switch unlocked, since the injuries were due to the act of a fellow-servant.[1]

Error to Calhoun; North, J. Submitted February 15, 1907. (Docket No. 114.) Decided March 26, 1907.

Case by Alexander Dixon against the Grand Trunk Western Railway Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

[1] As to who are fellow-servants, apart from statute, where there is no question of vice principalship, see note to *Sofield* v. *Guggenheim Smelting Co.* (N. J.), 50 L. R. A. 417.

*H. Geer* and *L. C. Stanley*, for appellant.

*J. M. & J. L. Powers*, for appellee.

BLAIR, J.   Plaintiff, a crossing tender in defendant's employ, brought this action to recover damages for injuries alleged to have been received on the 28th day of February, 1903, through the negligence of the defendant (1) in not keeping a certain switch east of the crossing to which plaintiff was assigned securely locked and fastened when not in use; (2) in not employing competent and careful persons to take care of and attend to switches and to keep the same safely and securely locked when not in use.

"That said defendant for a long space of time, to wit, on said 28th day of February, 1903, and for a long space of time prior to that date, to wit, for the period of three months or more prior to said date, wholly neglected and refused to employ competent and careful servants to attend its said switches so set to the eastward of said crossing, but trusted and delegated the care of same to incompetent, careless, and negligent persons, by reason whereof said switches during said period were frequently left unattended, unfastened, and unlocked, and liable to be opened by the jarring caused by passing trains, or engines, or some portions thereof off from the track upon which they were approaching said crossing.  *  *  *

"And the said plaintiff avers that while he was so standing in the performance of his said duty, in such a position that he could not see said approaching train, the engine of said train passed over said switch which had been so negligently left unlocked as aforesaid, and a portion of the cars drawn by said engine passed over said unfastened switch, but by doing so loosened and opened said switch so that a portion of said train, while running at a high and dangerous rate of speed, passed from the track upon which it was approaching said crossing through said open switch, and was drawn from the rails and propelled violently over said crossing where the said plaintiff was standing, and with great force and violence struck and injured the said plaintiff without any fault or negligence on his part."

At the close of the testimony, defendant's counsel re-

quested the court to direct a verdict in its favor, which request was refused, and the assignment of error upon this refusal presents the main subject for discussion in the briefs of counsel for the respective parties.

The theory of negligence upon which the court submitted the case to the jury is stated in the charge as follows:

" Now, from what I have said, gentlemen, I think you will understand that the plaintiff, if he can recover at all under the evidence in this case, it is upon the theory that while he, the plaintiff, was employed in the proper discharge of his duties and without negligence on his part, he was injured by the negligence of the defendant in failing to provide the plaintiff a reasonably safe place in which to discharge his duties, the duty to provide such a place being upon the defendant and being such a duty that it cannot avoid responsibility for resulting injury if incurred by shifting this duty or delegating its discharge to its servants or agents."

We think that the court erred in holding that the doctrine of safe place applied to this case. The duty of keeping switches closed and locked while not in use was not one of the absolute duties of the defendant, but an assignable duty relating to a detail of operation which could properly be delegated to an employé. *St. Louis, etc., R. Co.* v. *Needham,* 63 Fed. 107 (25 L. R. A. 833); *Harvey* v. *Railroad Co.,* 88 N. Y. 481; *Walker* v. *Railroad,* 128 Mass. 8; *Roberts* v. *Railway Co.,* 33 Minn. 218; *Miller* v. *Railway Co.,* 20 Or. 285; *Henry* v. *Railroad Co.,* 140 Mich. 446. Upon this record, defendant's request for an instructed verdict should have been granted.

The judgment is reversed, and a new trial granted.

MCALVAY, C. J., and CARPENTER, GRANT, and MONTGOMERY, JJ., concurred.