ALFRED SHATRAU, Respondent, *v.* JOHN J. SULLIVAN, Appellant.

*Shatrau* v. *Sullivan,* 134 App. Div. 991, reversed.
(Argued March 1, 1911; decided March 14, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 26, 1909, affirming a judgment in favor of plaintiff entered upon a verdict.

*J. N. Carlisle* and *Floyd L. Carlisle* for appellant.

*Arthur T. Johnson* for respondent.

CULLEN, Ch. J. The action was brought, servant against master, to recover damages for personal injuries received under the following circumstances: The defendant was engaged in re-opening a disused quarry. In this work he erected a pole some thirty feet long, embedded in the ground some four feet and the earth at the base tamped. This pole was secured by four steel guy ropes. The primary object for which this pole was set up was to serve as a gin in the erection of a taller pole or derrick. After the erection of the second pole had been accomplished all the guys but one securing the first pole were removed and it was suggested to the defendant that that pole could be taken down, but the defendant directed it to remain, stating that it might be useful thereafter. It became neces-

sary to transport two boilers to the quarry, and the path or route over which they were to be transported was the bed of an abandoned railroad which ran between the first or gin pole and its guy. The boilers were moved upon planks laid for the purpose by means of a horse and tackle, the block being fastened to a tree. The first of these boilers was moved on Saturday, when it was found necessary to raise the "sag" or the "slack" in the guy rope to enable the boiler to pass under it. On Monday the second boiler, which was higher, being moved along the same route and in the same manner, struck the guy rope with such force as to pull down the gin pole, which fell on the plaintiff, who was engaged in placing the planks for the boiler to run over. From this he met his injuries.

The case was submitted to the jury, over the defendant's objection and exception, to determine whether the place that the master had furnished his servants to work in was unsafe. The jury decided the issue in favor of the plaintiff and awarded him a recovery. We see no evidence which warranted an inference of negligence on the part of the defendant. In a quarry many derricks, masts and poles are erected for use in the work, and also the necessary guy ropes to secure them. There is no complaint made that the gin pole which fell was not securely imbedded in the ground and safe, and had it not been for the impact of the boiler upon the guy rope would not have fallen. Though its immediate use was no longer necessary after the principal mast or derrick had been placed in position, still it might become useful in the future and the master was justified in maintaining it for that contingency, as well as the guy to secure its safety. Nor can there be any negligence imputed to the master because of his direction to transport the boiler to its place. The master had seen it was necessary to raise the guy rope to enable the first boiler to pass, but this gave no ground for apprehension of danger. The exercise of the commonest degree of intelligence and care by the men engaged in moving the boiler required them, when they got to the mast and guy rope, to observe whether the guy rope was high enough for the boiler to pass under it and if not to raise the rope as was done on the previous

occasion.  Though the second boiler was higher than the first there is nothing in the evidence to show that the guy rope might not have been so raised, or even if the "slack" was not sufficient for that purpose, that the guy rope might not have been detached temporarily from the rocks on which it was anchored to allow the boiler to pass.  It was, therefore, the negligence of the men engaged in moving the boiler that caused the accident.  It may not have been that of the plaintiff, but, if not, it was certainly that of his fellow-servants, who were engaged in working with him.  It is true, as contended by the learned counsel for the respondent, that where the negligence of the master and that of the fellow-servant contribute to the accident, the fellow-servant rule does not relieve the master from liability, but here the master was not guilty of negligence, for a place cannot be deemed unsafe which becomes so only from the failure of the servants to exercise the most ordinary care.  The motion for a nonsuit should, therefore, have been granted.

The judgment should be reversed and a new trial ordered, costs to abide the event.

GRAY, WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.