# INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* MATHEWS.

[No. 21,711. Filed January 31, 1912.]

1. MASTER AND SERVANT.—*Injury to Servant.—Pleading.—Complaint.—Demurrer.—Facts Assumed.*—In an action by a servant against the master for personal injuries, where the complaint alleges that the defendant, a street-car company, maintained its shops wherein it repaired its own cars and the cars of other street and interurban companies, and that at the time of the injury defendant negligently threw a car of an interurban company, which it had been repairing, from the shops out upon the main track over which the plaintiff was operating a car, and

negligently caused said interurban car to collide with the car operated by plaintiff whereby plaintiff was injured, it must be assumed from the allegations of the complaint, for the purpose of determining the questions presented by demurrer thereto, that the repair and storage of its own cars and the cars of other companies were a part of the work and business the defendant was authorized to do.  p. 94.

2. MASTER AND SERVANT.—*Injury to Servant.—Pleading—Complaint.*—The complaint, in an action by the servant against the master to enforce a common-law liability for injury sustained, must show the existence of a duty owing from the master, the breach of which caused the injury.  p. 94.

3. NEGLIGENCE.—*Personal Injuries. — Complaint. — Allegations. — Violation of Duty.*—In a complaint for personal injuries the characterization of an act or omission as negligent is not sufficient to show both a duty and its violation.  pp. 95, 98.

4. EVIDENCE.—*Judicial Notice.—Operation of Street-Cars.*—The court judicially knows that an incorporated street railroad company operates its cars through its employes.  p. 95.

5. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Allegations.—Act of Fellow Servant.—Presumption.*—In the absence of averments to the contrary in a complaint by an employe against a street-car company for personal injuries, it will be presumed, from the averment that defendant negligently threw a car out upon its track and caused it to collide with the car operated by plaintiff, that the alleged negligent act was that of a fellow servant.  p. 95.

6. MASTER AND SERVANT.—*Injury to Servant.—Furnishing Lights. —Duty of Master.*—A street-car company is required to exercise only ordinary care to furnish proper lights and appliances, and the proper use thereof is the duty of the employe.  p. 96.

7. MASTER AND SERVANT.—*Injury to Servant.—Safe Place to Work.—Duty of Master.—Negligence of Fellow Servant.*—An employer is bound to exercise ordinary care to furnish his employe a safe place in which to work and to keep it in that condition, but is not liable to an employe for negligence of coemployes in the details of the work or in failing properly to use appliances furnished, nor is he bound to protect the employe against mere transitory perils of the work.  p. 98.

8. MASTER AND SERVANT.—*Injury to Servant.—Assumption of Risk.*—The employe assumes the risk of all obvious dangers open to ordinary careful observation, or such as can be known by the exercise of ordinary care.  p. 99.

9. MASTER AND SERVANT.—*Injury to Servant.—Assumption of Risk.—Knowledge of Danger.—Evidence.*—To sustain an allegation of want of knowledge of the danger by an employe the

evidence must not only show that he had no such knowledge, but that he could not have learned of the danger by the exercise of ordinary care.   p. 99.

10.  MASTER AND SERVANT.—*Injury to Servant.—Assumption of Risk.—Pleading.—Complaint.*—The complaint, in an action by an employe for personal injuries caused by the alleged negligence of the employer, must allege that plaintiff had no knowledge of the danger and the allegation must be as broad as the allegation of knowledge on the part of the employer.   p. 99.

11.  MASTER AND SERVANT.—*Injury to Servant.—Assumption of Risk —Conditions Augmenting Hazard.—Assumption of Additional Risk.*—An employe who has ascertained, or ought in the exercise of ordinary care to have ascertained, that the ordinary hazards of his environment have been augmented by abnormal conditions, and continues in the employment without objecting and without the promise that such conditions will be remedied, assumes the additional risk.   p. 100.

12.  MASTER AND SERVANT.—*Injury to Servant.—Assumption of Risk.—Inclement Weather.—Street-Car Employes.*—Employes in charge of street-cars assume the risk of inclement weather conditions as among the risks of their employment.   p. 103.

13.  MASTER AND SERVANT.—*Injury to Servant.—Assumption of Risk.—Pleading.—Presumption.*—In the absence of averments in the complaint to the contrary an employe of a street-car company is presumed to know his employer's mode of conducting business, and the ordinary dangers surrounding the situation, as well as all other dangers which he could have known by the exercise of ordinary care, and is held to have assumed the risk as incident to the employment.   p. 103.

14.  TRIAL. — *Instructions. — Omission of Essential Fact.* —.The omission in an instruction of an essential fact or element necessary to a recovery by a party in whose favor the verdict is rendered renders such instruction erroneous.   p. 105.

15.  TRIAL.—*Instructions.—Error.—Correction.*—An erroneous instruction cannot be cured by another which correctly states the law, but must be withdrawn.   p. 106.

16.  TRIAL.—*Instructions.—Act of Fellow Servant.—Liability of Employer.—Rule Ignored.—Error.*—In an action by a street-car employe for personal injuries, instructions are erroneous which ignore the common-law rule that the employer is not liable to an employe for negligence of coemployes in the details of the work, or in failing properly to use appliances furnished, and is not bound to protect the employe against mere transitory perils of the work.   p. 106.

17.  MASTER AND SERVANT.—*Injury to Servant.—Duty of Employe. —Fellow-Servant Rule.—Application.*—In an action by a street-

car employe against the company for personal injuries suffered by backing an interurban car from defendant's shops out onto the track and causing it to collide with the car being operated by plaintiff, the backing of the interurban car was a duty the employe in charge thereof owed to the employer, and the fellow-servant rule applies. p. 106.

18. TRIAL.—*Instructions.—Not Within Issues.—Error.*—Instructions that are not within the issues are erroneous. p. 107.

19. TRIAL.—*Instructions.—Employer's Duty to Furnish Lights. —Error.*—An instruction that it was the duty of a street-car company to provide signal lamps, and if provided, it was for the jury to determine from the evidence whether it was negligence on the part of the defendant to fail to display said lamps and see that they were lighted, is erroneous, since at common law the employer's duty was discharged when the lamps were furnished. p. 108.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Joseph E. Mathews against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*F. Winter, W. H. Latta, M. E. Foley,* and *Kane & Kane,* for appellant.

*Geo. W. Galvin, Shirts & Fertig,* and *Sullivan & Knight,* for appellee.

MONKS, J.—This action was brought by appellee to recover damages for personal injury resulting from a collision of two cars, which at the time were being run over the street railroad lines of appellant in the city of Indianapolis. Appellee, who was at the time of the collision an employe of appellant as motorman, and had charge of one of said cars as motorman, bases his right to recover on the common-law liability.

The complaint was in two paragraphs. A separate demurrer for want of facts to each paragraph thereof was overruled by the court. Answer by general denial. A trial of said cause resulted in a general verdict for appellee. The jury also answered interrogatories submitted by the court.

Over a motion by appellant for a judgment in its favor on

the answers to the interrogatories, notwithstanding the general verdict and a motion for a new trial, judgment was rendered on the general verdict in favor of appellee.

The first and second errors assigned call in question the action of the court in overruling the separate demurrer to each paragraph of the complaint. Appellee claims that the judgment was rendered on the second paragraph of the complaint, and that even if the court erred in overruling the demurrer to the first paragraph, the ruling was harmless. The averments of said second paragraph of complaint show that on the line of appellant's street railroad tracks on west Washington street, "it has and had its car shops, wherein it repairs its own cars and the cars of divers other street and interurban railway companies, and many spur tracks or switches connected with said track in Washington street entered said shops from said street, and were used by defendant in moving cars in and out of said shops from and to said track in said street;" that on the day of the injury "he was the motorman of a car of said defendant which was propelled along and over West Washington street in the city of Indianapolis, and was in the line of his duty as such motorman, and at his proper place in the front vestibule of said car, and ran the same along said West Washington street at or near the shops of said defendant where it had cars under repair and where it was receiving and discharging repaired cars of other street railway companies; that said plaintiff was due in front of said shops in the propelling of his car at about the hour of 7 o'clock and 8 minutes a. m., which was well known to defendant, and he was required to pass said shops and the said switches and cuts entering said shops along and over the tracks on said West Washington street; that upon said morning the atmosphere was extremely foggy, and objects could not be discerned or discovered at any great distance in front of the car being operated by said plaintiff, and cars on said switches and entering on said main track from said shops could not be seen or

discerned by plaintiff in front of the car so operated by him, without the display of strong signal lights on such cars, or without a conductor or flagman at the intersection of such tracks to give warning of their approach, all of which the defendant at the time well knew; that plaintiff was moving said car along and over said tracks of defendant at or near said shops in a careful and cautious manner when said defendant negligently and carelessly threw a car of the Terre Haute, Indianapolis and Eastern Traction Company out upon the main track over which this plaintiff was operating said car, and carelessly and negligently caused said interurban car, which was sixty feet long and weighed many tons, to collide with the car being operated by this plaintiff; that defendant carelessly and negligently failed to give plaintiff any notice or warning of the approach of said interurban car, carelessly and negligently failed to provide or display any signal light thereon, and carelessly and negligently backed the same out of said shops onto said main track in such fog and into collision with plaintiff's car, in charge of one person only, who was operating the motor at the far end of the car, and carelessly and negligently failed to employ a conductor on said car or any assistant or flagman at the intersection of said main track and switch, and carelessly and negligently failed to employ a sufficient force of men on said interurban car and in and about the said shop and switches to safely move the said car out of said shop and on to said main track, and without such conductor, assistant or flagman, such person could not give warning to plaintiff of the approach of said interurban car and could not know of the approach of plaintiff's car in time to avoid collision, and by reason of all and singular the said negligent acts and omissions of defendant and not otherwise the said collision occurred, and without such negligence plaintiff would not have been injured.''

It also alleged, in substance, in said second paragraph of complaint, that said interurban car had been received from

the Terre Haute, Indianapolis and Eastern Traction Company for repair by appellant at its said shops, and that appellant was in the act of returning said car to said traction company; that said interurban car was not intended or fitted for use on appellant's street railway, but was much larger, heavier and higher than the cars used by appellant and operated by appellee, and was so constructed that when it came into collision with the car operated by plaintiff the bumper or cross-beam of said interurban car passed over the bumper and cross-beam of the car which appellee was operating, and crushed the light framework inclosing the vestibule in which appellee was standing, and caught and injured him.

For the purpose of determining the questions presented by the demurrer to each paragraph of the complaint, it must be assumed from the allegations therein that the repair and storage of its own cars and of the cars of other street and interurban railway companies, was a part of the work and business of appellant which it was authorized to do.

It is insisted by appellant that each paragraph of the complaint "fails to allege facts showing the existence of any duty owed by it to appellee, the omission to perform which operated to bring about the accident and consequent injury complained of," and that each of said paragraphs is insufficient for that reason.

In an action by an employe to enforce a common-law liability against the employer, facts must be alleged in the complaint showing the existence of a duty on the part of the employer to the employe, the omission to perform which caused the injury complained of. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 251, 253, 71 N. E. 218, and cases cited; *Robertson* v. *Ford* (1905), 164 Ind. 538, 546, 74 N. E. 1; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537, 540, 542, 76 N. E. 163, and cases cited; *Chicago, etc., R. Co.* v. *Barker* (1908), 169

Ind. 670, 675, 676, 83 N. E. 369, 17 L. R. A. (N. S.) 542, and authorities cited; *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 88-91, 83 N. E. 632, and cases cited; *Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 519-522, 88 N. E. 932, and cases cited.

If said second paragraph alleged facts from which the law would imply the duty of appellant to do or not to do, what it is alleged it negligently did or negligently failed to do, then a violation or breach thereof may be shown by an allegation that it negligently did or failed to do what was necessary to discharge such duty.

But the characterization of an act or omission as negligent is not sufficient to show both a duty and a violation thereof. *Chicago, etc., R. Co.* v. *Lain, supra,* pp. 88-91, and cases cited; *Cleveland, etc., R. Co.* v. *Morrey, supra,* pp. 521, 522, and cases cited; *Pittsburgh, etc., R. Co.* v. *Peck, supra,* and cases cited.

It is alleged in each paragraph of the complaint "that plaintiff was moving said car over and along said tracks of defendant at or near said shops in a careful and cautious manner, when said defendant negligently and carelessly threw a car of the Terre Haute, Indianapolis and Eastern Traction Company out upon the main track over which this plaintiff was operating said car, and carelessly and negligently caused said interurban car to collide with the car being operated by this plaintiff."

We judicially know that an incorporated street railroad company, like appellant, can only operate its cars by and through its employes, and the averment in each paragraph of the complaint that the "defendant negligently and carelessly threw an interurban car," etc., "out upon the main track," etc., "and carelessly and negligently caused said car to collide with the car being operated by this plaintiff," gives rise to the presumption that the alleged negligent act was that of a fellow servant in the absence of averments showing the

contrary. *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273, 284, 82 N. E. 1051, and cases cited; *Indianapolis, etc., R. Co.* v. *Johnson* (1885), 102 Ind. 352, 354, 357, 26 N. E. 200, and cases cited.

Said allegations in regard to the manner in which the interurban car was run out on the main track, and its collision with appellee's car, show nothing more than the acts of fellow servants of appellee for which, under the rules of the common law, appellant is not liable. *Southern R. Co.* v. *Elliott, supra,* 284; *Indianapolis, etc., R. Co.* v. *Johnson, supra,* 354-357, and cases cited; *Chicago, etc., R. Co.* v. *Barker, supra,* and cases cited; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 89-92, 69 N. E. 669, 102 Am. St. 185, 188, 190; *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370, 375, 376, 83 N. E. 705, and cases cited; *Chicago, etc., R. Co.* v. *Hamilton* (1908), 42 Ind. App. 512, 85 N. E. 1044; *Railey* v. *Garbutt* (1900), 112 Ga. 288, 37 S. E. 360; *Roland* v. *Tift* (1908), 131 Ga. 683, 63 S. E. 133, 20 L. R. A. (N. S.) 354; *Toner* v. *Chicago, etc., R. Co.* (1887), 69 Wis. 188, 31 N. W. 104, 33 N. W. 433; *Adams* v. *Iron Cliffs Co.* (1889), 78 Mich. 271, 272, 276, 288-290, 44 N. W. 270, 18 Am. St. 441; *New York, etc., R. Co.* v. *Bell* (1886), 112 Pa. St. 400, 407-410, and cases cited on pp. 404-407, 4 Atl. 50; *Buck* v. *New Jersey Zinc Co.* (1902), 204 Pa. St. 132, 53 Atl. 740, 60 L. R. A. 453; *Brown* v. *Minneapolis, etc., R. Co.* (1884), 31 Minn. 553, 18 N. W. 834; *Roberts* v. *Chicago, etc., R. Co.* (1885), 33 Minn. 218, 22 N. W. 389.

It is the theory of said second paragraph of the complaint, that it was not only the duty of appellant to furnish proper lights and other appliances for said interurban car, but also to see that they were properly used, and that such lights were properly lighted and displayed. This is not the rule, however, for the employer is only required to exercise ordinary care to furnish proper lights and other appliances, and the proper use, lighting or display thereof is the duty of the employe, and not a duty the mas-

ter owes the employe. *Berg* v. *Seattle, etc., R. Co.* (1906), 44 Wash. 14, 19, 20, 22, 87 Pac. 34, 120 Am. St. 968; *Kaare* v. *Troy Steel, etc., Co.* (1893), 139 N. Y. 369, 378, 34 N. E. 901; *Simpson* v. *Central Vt. R. Co.* (1896), 5 App. Div. 614, 39 N. Y. Supp. 464; *Collins* v. *St. Paul, etc., R. Co.* (1882), 30 Minn. 31, 14 N. W. 60; *Kelly* v. *New Haven Steamboat Co.* (1901), 74 Conn. 343, 50 Atl. 871, 57 L. R. A. 494, 92 Am. St. 220; *Whittlesey* v. *New York, etc., R. Co.* (1904), 77 Conn. 100, 58 Atl. 459, 107 Am. St. 21; *Trimble* v. *Whitin Mach. Works* (1898), 172 Mass. 150, 51 N. E. 463; *Harley* v. *Buffalo Car Mfg. Co.* (1894), 142 N. Y. 31, 36 N. E. 813; *Ludlow* v. *Groton Bridge, etc., Co.* (1896), 11 App. Div. 452, 42 N. Y. Supp. 343; *Clark* v. *Riter-Conley Co.* (1899), 39 App. Div. 598, 57 N. Y. Supp. 755; *Griffiths* v. *Gidlow* (1858), 3 H. & N. 648, 27 L. J. (N. S.) 404; *St. Louis, etc., R. Co.* v. *Needham* (1894), 63 Fed. 107, 11 C. C. A. 56, 25 L. R. A. 833; *New Pittsburgh Coal, etc., Co.* v. *Peterson* (1894), 136 Ind. 398, 401, 406, 35 N. E. 7, 43 Am. St. 327; *New Pittsburgh Coal, etc., Co.* v. *Peterson* (1896), 14 Ind. App. 634, 43 N. E. 270; *Standard Pottery Co.* v. *Moudy* (1905), 35 Ind. App. 427, 435, 437, 73 N. E. 188; *Fort Wayne Iron, etc., Co.* v. *Parsell* (1907), 168 Ind. 223, 230, 79 N. E. 439, and cases cited; *Indianapolis Traction, etc., R. Co.* v. *Kinney* (1909), 171 Ind. 612, 622, 85 N. E. 954, 23 L. R. A. (N. S.) 711, and cases cited; *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 676, 677, 83 N. E. 369, 17 L. R. A. (N. S.) 542, and case cited; 2 Labatt, Master and Servant §§604, 607, 610.

Moreover, it will be observed that the allegation in said second paragraph is that appellant "negligently failed to provide or display any signal light" on said interurban car. The allegation that appellant "failed to provide any signal light thereon," may be true, and yet there may have been on said car signal lights or lanterns proper for all purposes, provided by the owner thereof.

While an employer is bound to exercise ordinary care to furnish an employe a safe place in which to work, and to exercise ordinary care to keep it in that condition,

7.  he is not liable to his employe for the negligence of his coemployes in respect to the details of the work, nor is he bound to protect his employe against the mere transitory perils that the execution of the work occasions, nor is he liable merely because a fellow employe negligently handles or uses appliances or tools, or negligently fails to use them, or negligently operates machinery on a car or cars in such a way as to occasion injury to another employe. *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 689, 80 N. E. 529, 14 L. R. A. (N. S.) 418, and cases cited; *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 697, 700, 68 N. E. 262, 63 L. R. A. 460, and cases cited; *Haskell & Barker Car Co.* v. *Przezdziankowski* (1908), 170 Ind. 1, 10, 11, 83 N. E. 626, 14 L. R. A. (N. S.) 972, 127 Am. St. 352, and cases cited; *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370, 375, 376, 83 N. E. 705; *Chicago, etc., R. Co.* v. *Barker, supra,* and cases cited; *Shatrau* v. *Sullivan* (1911), 201 N. Y. 567, 94 N. E. 609; *Mullin* v. *Genesee County, etc., Co.* (1911), 202 N. Y. 275, 95 N. E. 689, 691.

As we have already said, a duty of the employer to the employe cannot be implied from the mere allegation that the act was negligently done or omitted, but the facts

3.  from which the law will imply the existence of the underlying duty must be alleged directly and positively, and not by way of recital or by the averment of conclusions. It avails nothing as against a demurrer for want of facts to aver conclusions or plead facts by way of recital. *Chicago, etc., R. Co.* v. *Lain, supra,* and cases cited; *Cleveland, etc., R. Co.* v. *Morrey, supra; Chicago, etc., R. Co.* v. *Barker, supra,* and cases cited.

It is further objected to said paragraphs of complaint that no facts are averred showing that the injury complained of was not the result of a risk which appellee assumed, and

that the negligence complained of was not the negligence of a fellow servant, citing *American Rolling-Mill Co.* v. *Hullinger* (1904), 161 Ind. 673, 683, 685, 67 N. E. 986, 69 N. E. 460, and authorities cited; *Cleveland, etc., R. Co.* v. *Parker* (1900), 154 Ind. 153, 56 N. E. 86; *Lake Shore, etc., R. Co.* v. *Stupak* (1886), 108 Ind. 1, 8 N. E. 630, and *Peerless Stone Co.* v. *Wray* (1892), 143 Ind. 574, 42 N. E. 927.

It is settled by said cases and the cases cited therein that the employe assumes the risk of all obvious defects or dangers open to ordinary, careful observation, or such as are or would be known by the exercise of ordinary care *(Wabash R. Co.* v. *Ray* [1899], 152 Ind. 392, 399, 401, 51 N. E. 920, and cases cited), and that when he seeks to recover damages for injury caused by the alleged negligence of the employer he must allege that he had no knowledge of the defects or danger complained of, or his complaint will not withstand a demurrer for want of facts.

To sustain such allegation, however, the evidence must show not only that he had no knowledge of such defect or danger, but could not have known thereof by the exercise of ordinary care. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 299, 300, 53 N. E. 235, and cases cited; *American Rolling-Mill Co.* v. *Hullinger, supra,* 674, 675, 683-685, and cases cited; *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 270, 65 N. E. 918, 66 N. E. 742; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 100, 101, 69 N. E. 669, 102 Am. St. 185; *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 695, 700, 68 N. E. 262, 63 L. R. A. 460, and cases cited; *Indiana Rolling-Mill Co.* v. *Livezey* (1911), 47 Ind. App. 396, 94 N. E. 732, 734, 735.

Neither paragraph of the complaint avers a want of knowledge on the part of appellee of the existence of the dangers of which he complains. The averment of want of knowledge on the part of the employe must be as broad as the allegation of knowledge on the

part of the employer. *Cleveland, etc., R. Co.* v. *Morrey, supra,* and cases cited; *Indianapolis, etc., Transit Co.* v. *Foreman, supra; Louisville, etc., R. Co.* v. *Sandford* (1889), 117 Ind. 265, 19 N. E. 770, and cases cited; *Louisville, etc., R. Co.* v. *Corps* (1890), 124 Ind. 427, 24 N. E. 1046, 8 L. R. A. 636, and cases cited.

An employe who, either before or after he commences the performance of the contract of employment, has ascertained, or ought in the exercise of ordinary care to have 11. ascertained, that the ordinary hazards of his environment have been augmented by abnormal conditions produced by the negligence of his employer or his employer's representatives or other causes, and has accepted or continued in the employment without making any objection, and without receiving any promise that the abnormal conditions, however caused, will be remedied, is deemed as a matter of law to have assumed the risk thus superadded, and to have waived any right which he might otherwise have had to claim an indemnity for injuries resulting from such risk. The increased danger caused by the negligence of the employer becomes, when it is known, one of the risks of the employment so far as the employe is concerned.

"In a large number of cases recovery has been denied on the assumption that abnormal risks caused by the improper manner in which the instrumentalities are used are as much within the scope of this doctrine as those caused by the defective quality or attributes of the instrumentalities themselves." 1 Labatt, Master and Servant, §274, pp. 639-641, §274a and cases cited, §276, pp. 651, 652, §277, note 1, pp. 652-656, §278, pp. 653-656 and cases cited in note 1, pp. 656-659. See, also, 20 Am. and Eng. Ency. Law (2d ed.) 118, 119, 124, 125; *Louisville, etc., R. Co.* v. *Sandford, supra,* and cases cited; *Brazil Block Coal Co.* v. *Hoodlet* (1891), 129 Ind. 327, 333, 27 N. E. 741; *Wabash R. Co.* v. *Ray* (1899), 152 Ind. 392, 399-401, 51 N. E. 920, and cases cited.

It is said in 4 Thompson, Negligence (2d ed.) §4625: "A railroad employe who without objection or protest, takes service under rules which do not provide for notice to employes upon trains of the movement of other trains, assumes the risk and dangers, on the theory that every employe who operates a train must beware of trains moving in the other direction, without notice of their whereabouts, and assumes the risks and dangers of a system of rules which is based upon that theory. *Little Rock, etc., R. Co.* v. *Barry* [1898], 84 Fed. 944; 56 U. S. App. 37, 28 C. C. A. 644, 43 L. R. A. 349. If the master has adopted no rules for the protection of his servants, a servant who knows that fact assumes the risk incidental to such failure. *Gulf, etc., R. Co.* v. *Williams* [1897], 39 S. W. (Tex. Civ. App.) 967."

In *Louisville, etc., R. Co.* v. *Sandford, supra,* an action to recover damages for the death of an employe caused by the alleged negligence of the employer, it was claimed that the complaint was insufficient, because facts were not alleged showing that the employe did not assume the risk of the danger which caused his death. The court said on page 266: "Employes assume all the ordinary risks incident to the employment, but they assume no extraordinary risks caused by the employer's breach of duty, unless they have knowledge of the unusual danger caused by the breach, and voluntarily continue in the company's employment. If, with this knowledge, they do continue, then the increased danger becomes an incident of the service which they assume, and for liability from which the master is exonerated. *Indianapolis, etc., R. Co.* v. *Watson* [1888], 114 Ind. 20, 14 N. E. 721, 15 N. E. 824, 5 Am. St. 578. The knowledge of the danger adds it as one of the incidents of the employment which the employe assumes. It becomes a danger which his continuance in the master's service makes an incident of the service, and when it takes this character the master is no longer bound to answer for the employe's safety, so far as it is imperiled by the danger voluntarily and know-

ingly assumed. The knowledge, in conjunction with the continuance in the service, operates as a waiver of the right to make the master responsible. 'It is', says Mr. Beach, 'the rule applicable to this matter that if the servant, when the defect or danger is brought to his knowledge—when he discovers that the machinery, buildings, premises, tools, or any other instrumentalities of his labor, are unsafe or unfit, or that a fellow-servant is careless or incompetent—continues in the employment, without protest or complaint, he is deemed to assume the risks of such danger, and to waive any claim upon his master for damages in case of injury.' Beach, Contrib. Neg., §140 [(2d ed.) §371]. This puts the rule exonerating the master on the true ground. He is exonerated because the employe himself assumes the danger, as increased, and, as he voluntarily assumes it, the master is relieved. The parties change positions; the employe assumes the risk that, if it were not for his knowledge, his employer would be compelled to assume. The duty which the employer is under is materially affected by the element of knowledge, and unless a duty is shown of course there can be no actionable negligence, since a duty lies at the foundation of every right of action grounded on the negligence of a defendant. It must follow, in order to show a breach of duty creating a cause of action for its breach, that it is necessary to aver that the employe was ignorant of the default of the employer which increased the perils of the service. The plaintiff in such a case is the actor, and must show a complete cause of action, and, to do this, he must aver facts showing that the danger which augmented the risks of his service was not known to him. In at least two cases this court has explicitly affirmed this doctrine. *Lake Shore, etc., R. Co.* v. *Stupak* (1886), 108 Ind. 1, 8 N. E. 630; *Indiana, etc., R. W. Co.* v. *Dailey* (1887), 110 Ind. 75, 10 . N. E. 631. * * * All authorities agree that negligence on the part of the employer is not to be presumed, and that it rests on the plaintiff to

aver and prove every fact essential to the existence of actionable negligence. * * * In stating what the employe must prove, a recent writer asserts that he must establish that he did not know, and had not equal means with the master of knowing, that the machine or appliance was defective. Black, Proof and Pl. in Accident Cas. §21. * * * Employes engaged in any business, however dangerous its character, have a right to assume that their employer will not subject them to any unknown or extraordinary danger; the employer, however, is bound to do no more than use ordinary care and diligence to provide for their safety, but this requires that he shall do all that the nature of the employment will permit to accomplish this object. But if he fails to do his full duty, and the employe has seasonable and adequate knowledge of the failure, and continues in the service, he assumes the risk resulting from this failure.''

Engineers, conductors, brakemen on trains and motormen and other persons in charge of street cars assume the risk of inclement weather conditions, such as storms, rain, 12. snow, ice and fogs and atmospheric conditions, as among the risks of their employment. *Martin* v. *Chicago, etc., R. Co.* (1902), 118 Iowa 148, 160, 91 N. W. 1034, 96 Am. St. 380, 59 L. R. A. 698, 703; *O'Bannon's Admr.* v. *Louisville, etc., R. Co.* (1888), 9 Ky. Law 706, 6 S. W. 434; *Adkins* v. *Atlantic, etc., R. Co.* (1887), 27 S. C. 71, 2 S. E. 849.

Appellee is presumed to know those things of which he had actual knowledge, or which by the exercise of ordinary care he could have known. In the absence of averments to the contrary, he is presumed to know appellant's mode of conducting its business along that part of its tracks located opposite the car barns and shops on West Washington street, including the manner appellant's cars and the cars of other street and interurban railroads were operated by appellant from said West Washington street tracks into its repair shops to be repaired, and when

repaired the manner in which they were run out of said shops onto said West Washington street track, and as a part of his employment assumed the risk of the manner in which said cars were operated, and also the ordinary and usual dangers surrounding the situation, as well as all other dangers of which he had knowledge, or could have had knowledge by the exercise of ordinary care, although a safer method might have been followed in moving said cars and in conducting appellant's business. Under the averments of said paragraphs, the fog and its attendant conditions and perils were as much within the knowledge of appellee as appellant, and in the absence of sufficient averments of want of knowledge of the dangers with which he was confronted by reason of the existence of the fog and the perils created thereby, he is held to have assumed the risk as an incident of the employment. *Cleveland, etc., R. Co. v. Morrey, supra; Wabash R. Co. v. Ray, supra,* and cases cited; *Indianapolis, etc., Transit Co. v. Foreman, supra; Louisville, etc., R. Co. v. Sandford, supra; Cleveland, etc., R. Co. v. Parker* (1900), 154 Ind. 153, 56 N. E. 86, and authorities cited; *Louisville, etc., R. Co. v. Corps, supra,* and cases cited; *Jenney Electric, etc., Co. v. Murphy* (1888), 115 Ind. 566, 18 N. E. 30, and cases cited; *Hewitt v. Flint, etc., R. Co.* (1887), 67 Mich. 61, 76, 34 N. W. 659, 31 Am. and Eng. R. Cas. 249; *Lynch v. Saginaw, etc., Traction Co.* (1908), 153 Mich. 174, 177-181, 116 N. W. 983, 21 L. R. A. (N. S.) 774, and cases cited; *Kelley v. Chicago, etc., R. Co.* (1881), 53 Wis. 74, 80, 9 N. W. 816, 5 Am. and Eng. R. Cas. 469; *Naylor v. Chicago, etc., R. Co.* (1881), 53 Wis. 661, 664, 11 N. W. 24, 5 Am. and Eng. R. Cas. 460; *Behm v. Armour* (1883), 58 Wis. 1, 15 N. W. 806; *Wood v. Heiges* (1896), 83 Md. 257, 268, 34 Atl. 872; 20 Am. and Eng. Ency. Law (2d ed.) 118, and cases cited in notes 1, 2.

The question is as to the sufficiency of said paragraph of complaint to withstand the demurrer for want of facts and as was said in *Louisville, etc., R. Co. v. Sandford, supra,*

"The question comes to us as one of pleading and not as one of evidence. Material facts must be directly stated in a pleading, but may be inferred from testimony and from circumstances, when the question is as to the measure and sufficiency of proof. Inferences are admissible and controlling where the question is one of proof, but not so where the question is one of pleading." It follows that the court erred in overruling the demurrer to the second paragraph.

As the first paragraph of the complaint is insufficient for the same reason as the second, the court erred in overruling the demurrer to that paragraph.

Complaint is made of the action of the court in admitting in evidence, over appellant's objection, the testimony of appellee in regard to his financial condition at the time he was injured and after his discharge from the hospital, and also as to whether any officers or representatives of appellant visited him while he was in the hospital.

As the cause must be reversed for other errors, it is not necessary to determine as to the admissibility of such evidence, further than to call attention to what is said on this subject in *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 92 N. E. 49, 52, 54 and cases cited, and *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, 151-153, 81 N. E. 492.

Appellant complains of instructions one, two, four, five, seven, eight, nine, eleven and thirteen, given by the court at the request of appellee. By instructions one, two, seven and nine the court directed the jury to return a verdict in favor of appellee, if it found a certain state of facts to exist. The omission of one or more essential facts or elements necessary to a recovery by a party in whose favor the verdict is directed renders such an instruction erroneous. *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584, 57 N. E. 244; *Rahke* v. *State* (1907), 168 Ind. 615, 621, 81 N. E. 584, and cases cited; *American, etc., Tin Plate Co.* v. *Bucy* (1909), 43 Ind. App. 501, 504, 505, 87

N. E. 1051, and cases cited; *Steele* v. *Michigan Buggy Co.* (1912), 50 Ind. App. —, 95 N. E. 435, 438, and cases cited.

Said instructions one, two, seven and nine ignored the rule of assumed risk, an essential element, and for this reason, if for no other, they were erroneous. *Chicago, etc., R. Co.* v. *Glover, supra,* and cases cited; *Grand Trunk, etc., R. Co.* v. *Melrose* (1906), 166 Ind. 658, 670, 671, 78 N. E. 190, and cases cited; *Pennsylvania Co.* v. *Ebaugh* (1899), 152 Ind. 531, 53 N. E. 763; *American, etc., Tin Plate Co.* v. *Bucy, supra; Indiana, etc., Coal Co.* v. *Buffey* (1901), 28 Ind. App. 108, 116, 62 N. E. 279.

Such erroneous instructions cannot be corrected by another which correctly states the law. This can be done only by withdrawing the erroneous instructions from the jury. *Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 551, 88 N. E. 849, and cases cited; *Chicago, etc., R. Co.* v. *Glover, supra,* p. 587, and cases cited; *Chicago, etc., R. Co.* v. *Fretz* (1910), 173 Ind. 519, 534, 90 N. E. 76; *American, etc., Tin Plate Co.* v. *Bucy, supra,* 505; *Steele* v. *Michigan Buggy Co., supra,* and case cited.

Instructions four, seven, nine and eleven were erroneous, because each ignored the rule at common law already stated in this opinion, "that an employer is not liable to the employe for the negligence of his coemploye in respect to the details of the work nor is he bound to protect his employes against the mere transitory perils that the execution of the work occasions, nor is he liable merely because a coemploye negligently handles appliances or tools, or negligently fails to use the same or negligently operates machinery or a car or cars in such a way as to occasion injury to another employe."

The backing of said interurban car was a duty the employe owed the employer, and not one the employer owed the employe, and to such acts the fellow-servant rule applies. *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 676-679, 685, 83 N. E. 369, 17 L. R. A. (N. S.)

524, and cases cited; *Southern Ind. R. Co.* v. *Martin* (1903), 160 Ind. 280, 286-289, 66 N. E. 886; *St. Louis, etc., R. Co.* v. *Needham* (1894), 63 Fed. 107, 11 C. C. A. 56, 25 L. R. A. 833.

Said instruction two, held erroneous for ignoring the rule of assumption of risk, is also open to the same objections as said instructions four, seven, nine and eleven.

Instructions eight, nine and eleven were concerning appellant's duties to make rules, and its liability if such rules were inadequate. It is not charged in either paragraph of complaint that appellee was injured by reason of any failure on the part of appellant to have proper or adequate rules, or because of the violation by appellant of any of its own rules. The allegations of neither paragraph involve, as a cause of action, the neglect of appellant to establish general rules and regulations for the conduct of its employes or the violation thereof. Such questions are not, therefore, within the issues. *Connelly* v. *Minneapolis, etc., R. Co.* (1887), 38 Minn. 80, 82, 35 N. W. 582; *Voss* v. *Delaware, etc., R. Co.* (1898), 62 N. J. L. 59, 41 Atl. 224, 5 Am. Neg. Rep. 55, 12 Am. and Eng. R. Cas. (N. S.) 820; *Jemming* v. *Great Northern R. Co.* (1905), 96 Minn. 302, 305, 104 N. W. 1079, 1 L. R. A. (N. S.) 696; *Donahue* v. *Northwestern Tel., etc., Co.* (1908), 103 Minn. 432, 441, 115 N. W. 279; *Morrow* v. *St. Paul, etc., R. Co.* (1896), 65 Minn. 382, 67 N. W. 1002; *Chicago City R. Co.* v. *Bruley* (1905), 215 Ill. 464, 74 N. E. 441; *Whittlesey* v. *New York, etc., R. Co.* (1904), 77 Conn. 100, 58 Atl. 459, 107 Am. St. 21, 23; 13 Ency. Pl. and Pr. 900.

Said instructions were not within the issues, and were erroneous for that reason. *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 30-32, 66 N. E. 156; *Evans* v. *Gallantine* (1877), 57 Ind. 367.

Other objections are made to the foregoing instructions, but as they are erroneous for the reasons already given it is not necessary to consider them.

Complaint is made by appellant of instruction seven, given by the court of its own motion. Said instruction contains the following language: "It was the duty of the defendant to provide signal lamps for use in the operation of its road, and if you find from the evidence that such signal lamps were provided, then the defendant complied with its duty in this respect, and it is for you to determine from the conditions shown by the evidence to have existed at the time and place of the accident whether it was negligence on the part of the defendant company to fail to display said lamps and to see that they were lighted and it is also for you to determine under the evidence whether said lamps were lighted and displayed at the time of the accident."

This instruction was erroneous, because, under the rules of the common law, appellant's duty was discharged when signal lamps were furnished and the proper display, use and lighting thereof by the employes of appellant in the discharge of their duties was for such employes, and their failure properly to use such lamps would not make appellant liable. The proper use of such appliances was a duty of the employe. *Berg* v. *Seattle, etc., R. Co.* (1906), 44 Wash. 14, 19, 20, 22, 87 Pac. 34, 120 Am. St. 968; *Collins* v. *St. Paul, etc., R. Co.* (1882), 30 Minn. 31, 14 N. W. 60; *Kelly* v. *New Haven Steamboat Co.* (1902), 74 Conn. 343, 50 Atl. 871, 57 L. R. A. 494, 92 Am. St. 220; *Whittlesey* v. *New York, etc., R. Co.* (1904), 77 Conn. 100, 58 Atl. 459, 107 Am. St. 21; *Kaare* v. *Troy Steel, etc., Co.* (1893), 139 N. Y. 369, 378, 34 N. E. 901; *Standard Pottery Co.* v. *Moudy* (1905), 35 Ind. App. 427, 435-437, 73 N. E. 188, and cases cited; *Fort Wayne Iron, etc., Co.* v. *Parsell* (1907), 168 Ind. 223, 230, 79 N. E. 439, and cases cited; *Indianapolis Traction, etc., Co.* v. *Kinney* (1909), 171 Ind. 612, 622, 85 N. E. 954, 23 L. R. A. (N. S.) 711, and cases cited; *Chicago, etc., R. Co.* v. *Barker, supra.*

Complaint is made by appellant of other instructions

given, as well as of the refusal of the court to give a number of instructions requested. What we have said concerning the instructions held erroneous, and as to the law of this case, renders their consideration unnecessary, as they are governed thereby.

Appellant insists that the court erred in overruling its motion for judgment in its favor on the answers to the interrogatories, notwithstanding the general verdict. We cannot say, under the rule applicable to such motions, that the court erred in overruling them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and to sustain appellant's demurrer to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.

Cox, J., did not participate.

NOTE.—Reported in 97 N. E. 320. See, also, under (1) 31 Cyc. 79; (2) 26 Cyc. 1389; (3) 29 Cyc. 567; (4) 16 Cyc. 877; (5) 26 Cyc. 1394; (6) 26 Cyc. 1121; Ann. Cas. 1912 C 1036; (7) 26 Cyc. 1097; (8) 26 Cyc. 1177; 1 L. R. A. (N. S.) 272; (9) 26 Cyc. 1213; 28 L. R. A. (N. S.) 1250; (10) 26 Cyc. 1397; (11) 26 Cyc. 1205; (12) 26 Cyc. 1189; (13) 26 Cyc. 1414; (14) 38 Cyc. 1627, 1639; (15) 38 Cyc. 1782; (16) 26 Cyc. 1502, 1503; (17) 26 Cyc. 1350; 1 L. R. A. (N. S.) 670; (18) 38 Cyc. 1612; (19) 26 Cyc. 1497. As to servant's assumption of risk from latent danger or defect see 17 L. R. A. (N. S.) 76. As to servant's assumption of risk of danger imperfectly appreciated, see 4 L. R. A. (N. S.) 990.