## UTTERBACK v. GOOTEE.

[No. 25,099.    Filed January 14, 1926.]

1. TRIAL.—*Instruction directing verdict for plaintiff if defendant was negligent as alleged was error where there was no reference to proximate cause.*—In an action for damages for personal injuries in an automobile collision, an instruction directing a verdict for the plaintiff if the defendant was negligent in either of the ways alleged, and plaintiff was without fault, was erroneous where it made no reference to proximate cause of the injury.    p. 208.

2. TRIAL.—*Defendant has right to insist that no instruction be given which is misleading as to evidence favorable to his defense.*—A defendant has the right to insist that no instruction shall be given which is misleading as applied to the evidence favorable to his defense.    p. 210.

3. APPEAL.—*Instruction directing verdict for plaintiff if defendant was negligent as alleged, omitting all reference to proximate cause, not harmless error.*—In an action for personal injuries received in an automobile collision, where the evidence for the defendant would have sustained a finding that the collision was caused by the driver of the car in which the plaintiff was riding, an instruction directing a verdict for the plaintiff if the defendant was negligent as alleged, but omitting all reference to proximate cause, was not harmless error.    p. 210.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Action by Jennie Gootee against Frank E. Utterback. From a judgment for plaintiff, the defendant appeals. [Transferred to Supreme Court under subdivision 2, §1357 Burns 1926, §1394 Burns 1914.]    *Reversed.*

*Cyrus E. Davis, Alvin Padgett, Arthur Rogers* and *Allen, Hastings & Allen,* for appellant.

*Emison & Hoover,* for appellee.

PER CURIAM.—Appellee, the plaintiff below, recovered a verdict and judgment against appellant, the defendant below, for injuries sustained in an automobile collision. The only error assigned is overruling appellant's motion for a new trial, under which he has specified as error the giving of instruction No. 8. The complaint alleged, in substance, that on the night of September 14, 1922, plaintiff was riding east along a public highway known as State Road No. 5, with and as the guest of one Alvin Summers, in an automobile which Summers owned and was then operating on said road, and that both plaintiff and Summers were in the exercise of ordinary care and diligence for their own safety, when the defendant negligently drove, operated and ran a Dodge touring car from the east toward the west on and along said road, and against the automobile in which plaintiff was riding, and thereby caused it to overturn upon plaintiff, by reason of which she sustained certain injuries, alleged to have been directly and proximately caused by the said negligence of defendant. The specific negligence of which defendant was alleged to have been guilty in so operating the Dodge touring car was that he drove it at a rate of speed which was dangerous to persons upon and along the highway, that he failed to dim the headlights of his car when meeting and passing the automobile in which plaintiff was riding, and that he carelessly and recklessly drove his car against the other car and overturned it.

The instruction complained of was mandatory in form, and directed the jury to find for the plaintiff in case they found that defendant was guilty of negligence in either of the three particulars specified, if they found

that plaintiff was free from fault; but it omitted any reference whatever to such negligence of defendant being a proximate cause of the injuries sued for. It was as follows: "If you should find that the plaintiff, without any negligence on her part, was being driven upon the public highway, and that the defendant by his negligence, either in the improper use of his lights or improper speed, as defined by the statute, or was guilty of negligently driving into the car occupied by the plaintiff, as outlined by the instructions heretofore given, and that the plaintiff was without any fault upon her part, then you should find for the plaintiff and assess her damages at whatever sum you may believe, from a preponderance of the evidence, that she is entitled to recover for the injury, if any, sustained."

Since one of the necessary elements of the cause of action in suit was the alleged fact that certain negligence of defendant as set out in the complaint

1. was a proximate cause of an injury to plaintiff, it was error to instruct the jury to find for the plaintiff in case they should find either of certain enumerated facts concerning defendant's negligence, without reference to whether or not the evidence showed plaintiff to have sustained an injury of which that negligence was the proximate cause. *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 209, 115 N. E. 577, L. R. A. 1917E 242; *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 105, 97 N. E. 320.

It is suggested that the error, though obvious, was harmless. But the evidence was in sharp conflict as to the facts, defendant's witnesses testifying that he was driving at the rate of only ten miles an hour, that he was using headlights which could not throw a glare into the eyes of another driver meeting him, that the cars ran together north of the center of the roadway, that neither the bumper nor any part of the front end

of defendant's car touched the automobile in which plaintiff was riding, but that the tire on the left front wheel of the latter car struck the side of defendant's car, when Summers, with whom plaintiff was riding, turned his car over to the left side of the road, and that the tire was jerked off his wheel as the first effect of the collision; while plaintiff's witnesses testified that the car in which she rode was as far toward the right side of the bridge as it could get, and that defendant ran against it with his front bumper.

If they gave credit to the evidence most favorable to defendant, the jury or some of the jurors might have believed that the collision occurred just after the car in which plaintiff was riding had crossed a concrete bridge, or culvert which was sixteen feet wide between curbs; that the traveled roadway where the collision occurred, a few feet east of the bridge, was fully as wide as the bridge, and was on a "state road" that was dragged every week; that just outside the roadway, on the south side, a steep bank led down into a ditch four or five feet deep; that each of the cars which collided was five feet, eight inches wide; that defendant's car going west, was north of the center of the road when the cars met, and that plaintiff's car ran against the side of it some distance back from the front end; that the car in which plaintiff was riding turned over on its side in the roadway far enough north of the south edge that notwithstanding the top of the car was raised, persons could and did walk past it along the top of the bank of the ditch as it lay there. And these facts might have supported an inference, if the jurors or any of them chose to draw it, that the collision and injury were caused by the driver of the automobile in which plaintiff rode driving it over upon the left side of the road and running it against the side of defendant's car, and not by

the speed at which defendant was driving or his failure to use dimmers, even though he were negligent in either or both of those particulars.

A defendant has the right to insist that no instructions given shall be misleading, as applied to the evidence most favorable to his cause of defense, and

2, 3    where the evidence was in conflict, this court cannot know that the jury was not misled by an instruction which was clearly erroneous as applied to evidence introduced by the complaining party.

The judgment is reversed, with directions to sustain defendant's motion for a new trial.